IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STATE OF NEW MEXICO,** *ex rel.* **FRANK C. FOY
AND SUZANNE B. FOY,**

    *Qui tam* **Plaintiffs,**

vs.                                            No. CIV-09-178

**VANDERBILT CAPITAL ADVISORS, LLC;
VANDERBILT FINANCIAL, LLC;
VANDERBILT FINANCIAL TRUST;
OSBERT M. HOOD; RON D. KESSINGER;
ROBERT P. NAULT; JAMES. R. STERN;
PATRICK A. LIVNEY; STEPHEN C. BERNHARDT;
KURT W. FLORIAN, JR.; ANTHONY J. KOENIG, JR.;
MARK E. BRADLEY; PIONEER INVESTMENT
MANAGEMENT U.S.A., INC.; PIONEER GLOBAL ASSET MANAGEMENT S.P.A.;
UNICREDITO ITALIANO, S.P.A.;
KATTEN MUCHIN ROSENMAN LLP; RICHARDS, LAYTON & FINGER, P.A.;
CLIFFORD CHANCE US, LLP; ERNST & YOUNG LLP;
PRICE WATERHOUSE COOPERS; BRUCE MALOTT;
MEYNERS + CO; GARY BLAND; CITIGROUP;
CITIGROUP GLOBAL MARKETS INC.;
BEAR, STEARNS & CO. INC.; UBS INVESTMENT BANK;
UBS SECURITIES LLC; CALYON CREDIT AGRICOLE CIB;
CREDIT AGRICOLE SA; JEFFERIES CAPITAL MANAGEMENT, INC.;
FORTIS SECURITIES LLC; FORTIS NV; ACA MANAGEMENT, L.L.C.;
JP MORGAN CHASE BANK, N.A.; ABN AMRO, INC.;
STONE CASTLE SECURITES, L.L.C.; AND JOHN DOE #1; JOHN DOE #2 (DAVID
CONTARINO); AND JOHN DOE #3 THROUGH #50,**

    **Defendants.**

**NOTICE OF REMOVAL OF STATE ACTION TO THE
<u>UNITED STATES DISTRICT COURT  FOR THE DISTRICT OF NEW MEXICO</u>**

**PLEASE TAKE NOTICE** that pursuant to 12 U.S.C. § 632 Defendants UBS Securities, LLC, Vanderbilt Capital Advisors, LLC, Vanderbilt Financial, LLC, Vanderbilt Financial Trust, Osbert M. Hood, Ron D. Kessinger, Robert P. Nault, James. R. Stern, Stephen C. Bernhardt; Kurt W. Florian, Jr., Anthony J. Koenig, Jr., Mark E. Bradley, and Patrick A.

Livney, by their undersigned counsel and with a full reservation of any and all rights, claims, and defenses of any nature whatsoever, including but not limited to defenses related to service of process, personal jurisdiction, and venue, hereby remove to this Court the state court action as described below.

## I.     PROCEDURAL BACKGROUND

1.     On July 14, 2008, a civil Complaint was filed under seal in the First Judicial District Court of New Mexico, seeking remedies at law and in equity for violations of the New Mexico Fraud Against Taxpayers Act, NMSA 1978, § 44-9-1, *et. seq.*, and the New Mexico Unfair Trade Practices Act, §§57-12-1 *et seq.* *State of New Mexico, ex. rel. Frank C. Foy and Suzanne B. Foy v. Vanderbilt Capital Advisors, LLC et. al.*, No. 2008-cv-01895. Under the Fraud Against Taxpayers Act, a private citizen brings the action in a representative capacity claiming that the state or one of its agencies was damaged by fraudulent acts or omissions, typically from commercial dealings. The private plaintiff is entitled to seek treble damages, NMSA § 44-9-3(C), and an award of up to 25% of any damages recovered, plus attorneys' fees, NMSA § 44-9-7.

2.     On December 9, 2008, the State of New Mexico notified the Court that it did not intend to intervene in the matter, clearing the way for the plaintiff to proceed. The majority of the Complaint was unsealed on January 14, 2009, and is attached hereto as **Exhibit A** ("Compl."). However, part of the Complaint – its attached exhibit revealing the identity of a defendant otherwise described only as "John Doe #2 – was kept secret at the request of plaintiffs' counsel and was not unsealed or provided to any defendant until February 3, 2009. That document and its accompanying notice of unsealing are attached as **Exhibit B**.

3.     This Notice of Removal is timely because, pursuant to 12 U.S.C. § 632, removal is permissible at any time before trial. Removal also is timely under the general removal statute, as UBS Securities LLC has not yet been served with a copy of the Complaint. 28

U.S.C. § 1446(b); *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (holding that service of process is not a prerequisite to removal).

4. Venue is proper under 28 U.S.C. § 1441(a), which provides for removal to the district court of the United States for the district and division embracing the place where the action is pending.

5. Pursuant to 28 U.S.C. § 1446(d), UBS Securities, LLC will provide written notice of this Notice of Removal to plaintiff and will file a copy of this Notice of Removal in the state court.

## II.  BASIS FOR REMOVAL

### Jurisdiction Pursuant to 12 U.S.C. § 632 ("the Edge Act")

6. This Court has original jurisdiction over this action pursuant to 12 U.S.C. § 632.

7. The Edge Act provides in relevant part:

> Notwithstanding any other provision of law, all suits of a civil nature . . . to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking . . . or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions . . . shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits. . . .

12 U.S.C. § 632.

8. The Edge Act permits removal of civil actions where: (1) one of the parties is a corporation organized under the laws of the United States, and (2) the suit arises out of transactions involving international or foreign banking or other international or foreign financial operations. *See City of Stockton v. Bank of Am., N.A.*, No. 08-cv-4060, 2008 U.S. Dist. LEXIS 95189 (N.D. Cal. Nov. 13, 2008); *Highland Crusader Offshore Partners, L.P. v. Lifecare Holdings, Inc.,* No. 08-cv-0102, 2008 U.S. Dist. LEXIS 39619, at **5-6 (N.D. Tex. May 15, 2008); *Bank of Am. Corp. v Braga Lemgruber,* 385 F. Supp. 2d 200, 213 (S.D.N.Y.

2005); *Warter v. Boston Securities, S.A.*, No. 03-cv-81026, 2004 WL 691787, at **4-9 (S.D. Fla. March 22, 2004).

9. Defendant JP Morgan Chase Bank, N.A. is a federally chartered national bank organized under the laws of the United States, Compl. ¶ 37; thus, this action satisfies "the first requirement for the Court's exercise of subject matter jurisdiction under the Edge Act." *Lemgruber,* 385 F. Supp. 2d at 207.

10. The second requirement of the Edge Act is satisfied when "any part of [a suit] arises out of transactions involving international or foreign banking," *In re Lloyds Am. Trust Fund Litig.,* 928 F. Supp. 333, 338 (S.D.N.Y 1996) (citing *Corporation Venezolana de Fomento v Vintero Sales Corp.,* 629 F.2d 786 (2d Cir. 1980)). Moreover, this "jurisdictional requirement is alternatively satisfied" where a suit arises out of "international or foreign financial operations" other than banking. *In re Lloyd's,* 928 F. Supp. at 341; *Warter,* 2004 WL at *13-14.

11. In assessing whether a case arises out of transactions involving international or foreign banking or other international or foreign financial operations, courts look to the allegations set forth in the complaint. *See In re: Currency Conversion Fee Antitrust Litig.*, 2003 WL 22097502, at *2 (S.D.N.Y. 2003) (applying the "the well-pleaded complaint" rule to Edge Act jurisdictional analysis); *Jana Master Fund, LTD v. JP Morgan Chase & Co.*, 490 F. Supp. 2d 325, 329 (S.D.N.Y. 2007) ("'[F]ederal jurisdiction [under the Edge Act] must be found from what necessarily appears in the plaintiff's statement of his own claim . . . , unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.'") (quoting *D'Alessio v. New York Stock Exchange, Inc.*, 258 F.3d 93, 100 (2d Cir. 2001); *City of Stockton,* 2008 U.S. Dist. Lexis 95189 (analyzing Edge Act Jurisdiction based solely on the allegations in the Complaint); *Wenzoski v. Citicorp*, 480 F. Supp. 1056, 1058 (N.D. Cal. 1979) (same).[1]

---

[1] To the extent that the Court is willing to consider facts outside the four corners of the Complaint, the collateralized debt obligation securities (CDO's) that lie at the heart of this dispute were, upon information and belief, held by off-shore foreign subsidiaries of Defendant Vanderbilt Financial, LLC. This is sufficient to support Edge Act jurisdiction. *See, e.g.*, *Highland Crusader Offshore,* 2008 WL at **1-11 (holding that a transaction that transpired entirely within the United States involved international or foreign banking because one of the funds involved in the transaction was held off-shore by a Bermudan limited partnership that was a shell entity with no employees.)

12. According to the allegations in the Complaint, which are accepted as true solely for purposes of this removal petition,[2] this dispute arises out of a financial transaction (or series of transactions) involving a number of foreign banks, including Fortis NV, a commercial bank incorporated in Belgium; Calyon Credit Agricole CIB, a commercial bank incorporated in South Africa; Credit Agricole SA, a commercial bank incorporated in France; and UBS AG, a commercial bank incorporated in Switzerland.[3]  *See* Compl. ¶¶ 29, 34, & 38.  Although the Complaint lacks specificity as to the nature of the supposed conspiracy and the nature of each defendant's involvement in particular transactions, the Complaint states that each of these foreign defendants "provided banking, investment banking, and other services and products." *Id*.

13. In addition, the Complaint alleges that all of the "Vanderbilt defendants" are either direct or indirect subsidiaries of the Italian banking and financing institutions, Pioneer Global Asset Management, S.p.A., and Unicredito Italiano, S.p.A..  Compl. ¶¶ 24-25.  With respect to the allegations against the Vanderbilt defendants and others, the Complaint alleges that the "superior or controlling entities" (*i.e.*, Pioneer Global Asset Management, S.p.A., and Unicredito Italiano, S.p.A.) "disregarded the separate existence and purpose of the subordinate or affiliate entities;" and the  "management and employees of the superior or controlling entities participated in, directed, ordered, approved, or ratified the wrongful conduct of the subordinate or affiliate entities, and of the other defendants."  Compl. ¶ 42.  The Complaint also alleges that the State of New Mexico made the investment based on the representation that

---

[2] UBS Securities LLC and the other Defendants vigorously dispute the substantive allegations in the Complaint. Furthermore, the allegations in the Complaint are fatally vague and will be unable to withstand a motion to dismiss or a motion for summary judgment.  Nevertheless, these allegations satisfy the jurisdictional requirements of Section 632 under the well pleaded complaint rule.  *Warter*, 2004 WL 691787 (upholding Edge Act jurisdiction based on vague allegations in Complaint regarding alleged international scheme to defraud, but simultaneously dismissing Complaint for failure to allege fraudulent scheme with particularity).

[3] Although UBS AG is not a named defendant, the Complaint alleges that "UBS AG also provided banking, investment banking, and other services and products."  Compl. ¶ 29.  The allegations in the Complaint against UBS AG further support federal jurisdiction, as jurisdiction under the Edge Act is not dependant upon the foreign bank or financial institution being named as a party.  *Conjugal Soc. Composed of Juvenal Rosa v. Chicago Title Ins. Co.*, 690 F.2d 1, 4 (1st Cir. 1982) (holding that the international or foreign bank associated with the transaction need not be a party to the suit to satisfy the requirements for Edge Act jurisdiction); *City of Stockton v. Bank of America, N.A.*, No. 08-cv-4060, Order Denying Plaintiff's Mot. for Discretionary Remand (N.D. Cal. Nov. 21, 2008).

the Vanderbilt investment was "backed" by Vanderbilt's foreign parent corporations, Pioneer Global Asset Management and Unicredito.  Compl. ¶ 46(29).[4]

14. Because the plaintiffs' claims, as alleged in the Complaint, arise out of transactions that they say involve international or foreign banking, the second requirement of Section 632 is satisfied.  Alternatively, the second requirement of Section 632 is satisfied because plaintiffs' claims, as set forth in the Complaint, arise out of "international or foreign financial operations."  *In re Lloyd's Am. Trust Fund Litig.,* 928 F. Supp. at 341.

15. The Complaint alleges that the State of New Mexico purchased a variety of securities called "collateralized debt obligations" (CDO's) from foreign banking and financial institutions.  Compl.  ¶ 44 ("All of the *foreign* defendants named above participated in offering CDO products in which the ERB and SIC invested." (emphasis supplied)). The sale of securities by foreign banks constitutes "international or foreign financial operations."  *Warter*, 2004 WL at *8 ("'International financial operations' includes the sale of securities.'"); *Lemgruber*, 385 F. Supp. 2d 200, 215 n. 13 (S.D.N.Y. 2005) (holding that the sale of stock in a foreign bank not only involved foreign banking, but also constituted foreign financial operations because "the common meaning of 'finance' is 'to supply with funds through the issuance of stocks, bonds, notes, or mortgages.'") (quoting Black's Law Dictionary 568 (5th Ed. 1979)).  The allegedly foreign character of these securities transactions is further supported by the fact that the Complaint alleges that the State of New Mexico entered into the investment based on the representation that the investment could be traded on "European exchanges" within two weeks after the State purchased the securities.  Compl. ¶ 46(9).

16. Where, as is the case here, a federally chartered bank and numerous foreign banks are parties to a suit alleging that the domestic and foreign banks conspired with one another, *see* Compl. ¶¶ 5-6, the requirements for Edge Act jurisdiction are easily satisfied. *City of Stockton*, 2008 U.S. Dist. LEXIS at * 14 (holding that because the suit involved "an

---

[4] The Plaintiffs' Complaint asserts numerous allegations of Defendants providing false or misleading investment advice to the State of New Mexico.  *See* Compl. ¶¶ 46-60.  Under the Edge Act, investment advice by a foreign bank constitutes international banking activities.  *See Warter*, 2004 WL at *6 ("'banking services' includes 'investment advice'") (quoting *U.S. v. Philadelphia National Bank*, 374 U.S. 321, 327 (1963)).

17. Because at least one bank organized under the laws of the United States is party to this case and the plaintiffs' claims, as alleged, arise out of transactions involving international or foreign banking activity or international or foreign financial operations, the Edge Act provides Federal Courts with original jurisdiction.

18. Pursuant to 28 U.S.C. § 1446(a), the following are all other records and proceedings filed in the First Judicial District Court:

| | |
|---|---|
| **Exhibit C** | Order for Sealing and In Camera Filings |
| **Exhibit D** | Peremptory Election to Excuse |
| **Exhibit E** | Notice of Judge Assignment |
| **Exhibit F** | State's Unopposed Motion for Extension of Time in Which to Intervene and to Extend Seal for 180 Days |
| **Exhibit G** | Order Granting Unopposed Motion for Extension of Time in Which to Intervene and to Extend Seal Until December 12, 2008 |
| **Exhibit H** | Motion for Status Conference |
| **Exhibit I** | Request for Hearing |
| **Exhibit J** | Expedited Motion for Court Order Authorizing Disclosure to the Securities and Exchange Commission |
| **Exhibit K** | Notice of Hearing |
| **Exhibit L** | State of New Mexico's Notice of Election to Decline Intervention |
| **Exhibit M** | New Mexico's Response and Concurrence to Motion for court Order Authorizing Disclosure |
| **Exhibit N** | Order Continuing Sealing Until Status Conference |

| **Exhibit O** | Order Authorizing Disclosure to Federal Agencies |
|---|---|
| **Exhibit P** | Order Extending Sealing |
| **Exhibit Q** | Summonses Issued (39 total) to Vanderbilt Capital Advisors, LLC; Vanderbilt Financial, LLC; Vanderbilt Financial Trust; Osbert M. Hood; Ron D. Kessinger; Robert P. Nault; James R. Stern; Patrick A. Livney; Stephen C. Bernhardt; Kurt W. Florian, Jr.; Anthony J. Koenig, Jr.; Mark E. Bradley; Pioneer Investment Management U.S.A., Inc.; Pioneer Global Asset Management, S.P.A.; Unicredito Italiano, S.P.A.; Katten Muchin Roseman, LLP; Richards, Layton & Finger, P.A.; Clifford Chance US, LLP; Ernst & Young, LLP; Price Waterhouse Coopers, LLP; Bruce Malott; Meyners + Company; Gary Bland; Citigroup, Inc.; Citigroup Global Markets, Inc.; Bear Stearns & Co., Inc.; UBS Investment Bank; UBS Securities, LLC; Calyon Credit Agricole CIB; Credit Agricole SA; Jeffries Capital Management, Inc.; Fortis Securities, LLC; Fortis NV; ACA Management, LLC; J.P. Morgan Chase Bank, N.A.; ABN Amro, Inc.; Stone Castle Securities, LLC; Gary King, Attorney General for the State of New Mexico (for defendants Bruce Malott and Gary Bland); John Doe #2 |
| **Exhibit R** | Order Authorizing Disclosure to Federal Agencies |
| **Exhibit S** | Notice Unsealing File Except Exhibit A to Complaint |
| **Exhibit T** | Entry of Appearance |
| **Exhibit U** | Order |
| **Exhibit V** | Subpoenas for Production or Inspection (3 total) to New Mexico Educational Retirement Board; New Mexico State Investment Council; Moving America Forward Foundation, Inc. |
| **Exhibit W** | Summons Returns (6 total) for Stephen C. Berhardt; Kurt W. Florian, Jr.; Gary King, Attorney General for the State of New Mexico (for defendants Bruce Malott and Gary Bland); Gary Bland; Bruce Malott; Meyners + Company |
| **Exhibit X** | Notice of Peremptory Excusal |
| **Exhibit Y** | Notice of Judge Assignment |
| **Exhibit Z** | Defendant Meyners + Company, LLC's Motion for Protective Order and to Stay Discovery |
| **Exhibit AA** | Request for Hearing |
| **Exhibit BB** | Defendant Meyners + Co's Motion to Dismiss |
| **Exhibit CC** | Brief in Support of Defendant Meyners + Co's Motion to Dismiss |
| **Exhibit DD** | Request for Hearing |

| **Exhibit EE** | Summons Returns (4 total) for Vanderbilt Capital Advisors, LLC; Vanderbilt Financial, LLC; Vanderbilt Financial Trust; Patrick A. Livney |
|---|---|
| **Exhibit FF** | Entry of Appearance on Behalf of Defendant Gary Bland |
| **Exhibit GG** | Motion to Quash Subpoena |
| **Exhibit HH** | Objection to Subpoena and Motion to Quash |
| **Exhibit II** | Motion for Extension of Time to Answer Plaintiffs' Complaint Under the Fraud Against Taxpayers Act |
| **Exhibit JJ** | Entry of Appearance |
| **Exhibit KK** | Entry of Appearance |
| **Exhibit LL** | Plaintiffs' Response to Defendant Gary Bland's Motion for Extension of Time to Answer Plaintiffs' Complaint Under the Fraud Against Taxpayers Act |

19.    Removal to Federal Court therefore is proper.

## III.    CONSENT TO REMOVAL

20.    Consent by all defendants is not required to effect removal under the Edge Act, which permits removal by "any defendant" in a suit meeting the jurisdictional prerequisites.  12 U.S.C. § 632; *Wenzoski,* 480 F. Supp. at 1058; *City of Stockton,* 2008 U.S. Dist. LEXIS at *6.

**WHEREFORE**, Defendants UBS Securities, LLC, Vanderbilt Capital Advisors, LLC, Vanderbilt Financial, LLC, Vanderbilt Financial Trust, Osbert M. Hood, Ron D. Kessinger, Robert P. Nault, James. R. Stern, Stephen C. Bernhardt; Kurt W. Florian, Jr., Anthony J. Koenig, Jr., Mark E. Bradley, and Patrick A. Livney respectfully notify this Court that pursuant to 12 U.S.C. § 632, they have removed the above action from the First Judicial District Court, Santa Fe County, New Mexico to this Court.

Respectfully submitted,

BRENNAN & SULLIVAN, P.A.

By: ___/s/ Michael W. Brennan_____
      Michael W. Brennan
      128 East DeVargas
      Santa Fe, New Mexico 87501
      (505) 995-8514
      mwbrennan@qwestoffice.net
      **Attorneys for Defendant UBS Securities, LLC**

      and

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: ___/s/ Michael W. Brennan_____
*FOR*  Andrew G. Schultz
      Post Office Box 1888
      Albuquerque, New Mexico  87103-1888
      (505) 765-5900
      aschultz@rodey.com
          and
      Peter L. Simmons
      Fried, Frank, Harris, Shriver & Jacobson, LLP
      One New York Plaza
      New York, NY  10004-1980
      (212) 859-8000
      Peter.Simmons@friedfrank.com
          and

        John T. Boese
        Douglas W. Baruch
        Fried, Frank, Harris, Shriver & Jacobson, LLP
        1001 Pennsylvania Ave., NW – Suite 800
        Washington, DC  20004
        (202) 639-7000
        John.Boese@friedfrank.com
        Douglas.Baruch@friedfrank.com
        **Attorneys for Defendants Vanderbilt Capital Advisors, LLC, Vanderbilt Financial, LLC, Vanderbilt Financial Trust, Osbert M. Hood, Ron D. Kessinger, Robert P. Nault, James. R. Stern, Stephen C. Bernhardt; Kurt W. Florian, Jr., Anthony J. Koenig, Jr., Mark E. Bradley**

        and

        MADISON, HARBOURT & MROZ, P.A.


By:    __/s/ Michael W. Brennan_____
FOR  William C. Madison
        Post Office Box 25467
        Albuquerque, New Mexico 87501
        (505) 242-2177
        wcm@madisonlaw.com
        **Attorneys for Defendant Patrick A. Livney**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of February, 2009, I filed the foregoing electronically through the CM/ECF system, and caused the following parties or counsel to be served by electronic means, as follows:

Victor R. Marshall, Esq., Attorneys for Plaintiffs
victor@vrmarshall.com

David K. Thomson, Esq. and Nan E. Erdman, Esq., Attorneys for State of New Mexico
dthomson@nmag.gov and nerdman@nmag.gov

Sam Bregman, Esq. and Eric Loman, Esq., Attorneys for Defendant Meyners + Company
sam@bregmanlawfirm.com and eric@bregmanlawfirm.com

Walter J. Melendres, Esq., Stephen S. Hamilton, Esq., and
  Alexandra Corwin Aguilar, Esq., Attorneys for Defendant Gary Bland
wmelendres@montand.com and shamilton@montand.com
and acorwinaguilar@montand.com

Henry F. Narvaez, Esq., Martin R. Esquivel, Esq., and Bryan C. Garcia, Esq.,
  Attorneys for Defendant Bruce Malott
hnarvaez@narvaezlawfirm.com and mesquivel@narvaezlawfirm.com
and bgarcia@narvaezlawfirm.com

Charles R. Peifer, Esq. and Lauren Keefe, Esq., Attorneys for Defendant
 Ernst & Young, LLP
cpeifer@peiferlaw.com  and lkeefe@peiferlaw.com

Andrew G. Schultz, Esq., Peter L. Simmons, Esq., Samuel P. Groner, Esq.,
 David Wei, Esq., John T. Boese, Esq., Douglas W. Baruch, Esq., Karen M. Soares, Esq.,
 Attorneys for Defendants Vanderbilt
Aschultz@rodey.com and Peter.Simmons@friedfrank.com
and Samuel.Groner@friedfrank.com and David.Wei@friedfrank.com
and John.Boese@friedfrank.com and Douglas.Baruch@friedfrank.com and
Karen.Soares@friedfrank.com

By:  ___/s/ Michael W. Brennan_____
    Michael W. Brennan