IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.* FRANK C. FOY
AND SUZANNE B. FOY,

    *Qui tam* Plaintiffs,

v.                                                No. 6:09-CV-178
                                                  (Removed from Santa Fe District Court)
                                                  (Case No. D-101-CV-2008-1895)

VANDERBILT CAPITAL ADVISORS, LLC, *et al.*,

    Defendants.

## EXPEDITED MOTION FOR DEPOSITION OF PAULINE TURNER

    The plaintiff State of New Mexico, *ex rel.* Foy, respectfully moves the assigned judge or magistrate to enter an order to allow the deposition of Professor Pauline Turner to be taken on March 23, 2009, due to her declining health.  *See* Affidavit of Pauline Turner, attached as Exhibit 1 to this motion.  Under D.N.M.LR–Civ. 26.5(a) and the Court's inherent authority, the assigned judge or magistrate may fashion discovery to meet special circumstances such as these.  *See also* D.N.M.LR–Civ. 26.4(a) and Fed. R. Civ. P. 26(d)(1) which allow the Court to expedite discovery.

    The grounds for this motion are sufficiently set forth in Professor Turner's affidavit.  Simply put, there is a significant possibility that she might die (or become incapacitated) before she can be deposed under the usual waiting period imposed by Rule 26.  This is why the rules provide authority to expedite discovery when appropriate.  (Undersigned counsel is not aware of any published federal decision which would allow a key witness to die during the Rule 26 waiting period.)

    As shown by her affidavit, Professor Turner will be a key witness in this case, because she served as a Trustee of the New Mexico Educational Retirement Board ("ERB") for 14

years. She has firsthand personal knowledge concerning many of the disputed issues in this case. *Inter alia*, Professor Turner was one of the ERB Trustees who voted against the investment in Vanderbilt, which caused the State of New Mexico to lose $40 million. *See* Complaint ¶ 69.

This case has been removed to federal court by a few defendants, purportedly under the authority of 12 U.S.C. § 632. Whether this case has been properly removed is a question that will take some time to resolve, but in the meantime Professor Turner's testimony should not be lost.

12 U.S.C. § 632 contains an express instruction from Congress that these cases must be expedited. Section 632 cases must proceed to trial at least as fast as they would have in state court. In state court, the plaintiff State of New Mexico has the right to schedule Professor Turner's deposition at any time 30 days after service of the complaint, and no court order is required. Therefore, the plaintiff State of New Mexico should not be prejudiced and delayed by this removal, and § 632 explicitly so provides.

WHEREFORE, the plaintiff State of New Mexico respectfully moves the Court to enter an order allowing Professor Turner to be deposed starting on March 23, 2009, or earlier if a medical emergency presents itself.

Counsel for defendants have been notified by email today that plaintiff will seek to depose Professor Turner on March 23. Peter Simmons, Esq. has already responded that the Vanderbilt/Pioneer defendants are opposed to the taking of her deposition. A copy of this motion is being emailed to all defense counsel who have identified themselves to plaintiff's counsel. At this point it is not known which if any of the other defendants will oppose this motion.

Note: Because of the expedited nature of this motion, the attached copy of Professor Turner's affidavit has not yet been executed and notarized, but a notarized copy will be filed as soon as possible.

>Respectfully submitted,
>
>VICTOR R. MARSHALL & ASSOCIATES, P.C.
>
>By    /s/ Victor R. Marshall
>      Victor R. Marshall
>      Attorneys for *Qui tam* Plaintiffs
>      12509 Oakland NE
>      Albuquerque, New Mexico
>      505/332-9400
>      505/332-3793 FAX

I hereby certify that a true and correct copy
of the foregoing was emailed on February 23, 2009
to all counsel of record, and also to those counsel
who have not filed appearances, but who have
identified themselves as representing defendants.

    /s/ Victor R. Marshall