IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel*. FRANK C. FOY
AND SUZANNE B. FOY,

    *Qui tam* Plaintiffs,

v.                                                    No. 6:09-CV-178 WPJ/ACT

VANDERBILT CAPITAL ADVISORS, LLC, *et al.*,

    Defendants.

### PLAINTIFFS' OPPOSITION TO MOTION FOR EXTENSION OF TIME

Some of the defendants have moved for an indefinite extension of time for filing their answers or other responses to the complaint. The State of New Mexico *et al.* respectfully oppose the motion, and submit that the defendants must file their responses by March 2, 2009.

**1.  Defendants' request is contrary to Fed. R. Civ. P. 81(c)(2).**

The Vanderbilt defendants have moved to defer their responses to the complaint until some indefinite time in the future, that is, "10 days following the decision on any motion the plaintiffs may make to remand this case to state court." Motion for Extension of Time [Doc. No. 8, at 2]. This motion is flatly contrary to Rule 81(c)(2), which deals precisely with the current situation, where a case is removed before all of the defendants have answered the complaint.

> A defendant who did not answer before removal <u>must</u> answer or present other defenses or objections under these rules within the longest of these periods:
>
> > (A) 20 days after receiving – through service or otherwise – a copy of the initial pleading stating the claim for relief;

>    (B) 20 days after being served with the summons
>    for an initial pleading on file at the time of
>    service; or
>    (C) 5 days after the notice of removal is filed.

This rule sets a short timetable: every defendant must respond within 20 days after actually receiving a summons and a copy of the complaint. Alternatively, the rule sets a deadline of five days after removal. Therefore defendants must answer or file motions to dismiss no later than Friday, February 27.[1]

Furthermore, *Rule 81(c)(2) requires the defendants to answer the complaint before a motion to remand is filed*. 28 U.S.C. § 1447(c) allows 30 days after removal to file a motion to remand, whereas Rule 81(c)(2) <u>requires</u> a response before that time. Thus the possibility of a motion to remand, and the possibility that the motion might be granted, is simply not an excuse for delaying the pleadings. If a defendant has not responded to the complaint in state court, he must do so promptly after removal, no matter what ultimately happens to the removal. One purpose of this requirement is to prevent defendants from using the tactic of removal to delay the case, which is exactly what the defendants are trying to do, by asking to delay the pleadings until after remand is decided, which could be months from now.

**2.    Defendants' request is contrary to 12 U.S.C. § 632, which expressly requires the Court to expedite this case.**

This case has been removed to federal court under the authority of 12 U.S.C. § 632. That statute contains a special provision requiring the federal court to expedite the removed

---

[1] Plaintiffs do not object if all defendants file their responses by March 2, because Plaintiffs' counsel agreed to give defendants a courtesy extension until that date. However, Plaintiffs' counsel never agreed to an April 1 extension. Further, Plaintiffs' counsel specifically informed defense counsel that discovery should not be delayed by motions to dismiss.

case on its docket: "Such removal shall not cause undue delay in the trial of such case and a case so removed shall have a place on the calendar of the United States court to which it is removed relative to that which it held on the State court from which it was removed."

Since the defendants have elected to invoke 12 U.S.C. § 632, they must comply with all of its provisions, including this special anti-delay provision. Whether or not this case is remanded to state court, the defendants cannot use removal to delay the pleadings and discovery that were begun in state court, *particularly when § 632 removal includes a statutory requirement for expedition.*[2]

### 3.   Defendants are quite capable of complying with Rule 81(c)(2) and 12 U.S.C. § 632.

In their motion for a further extension of time, the defendants do not show good grounds for another extension of time beyond March 2. In particular, they have not shown sufficient grounds for deviating from the plain requirements of Rule 81(c) and § 632. The defendants have dozens of lawyers from experienced law firms working on the defense of this case. They are quite capable of responding to the complaint by March 2. It should be noted that counsel for Meyners + Company and David Contarino have already managed to file their responses.

---

[2] Some of the defendants are still in the process of being served, because defense counsel had previously indicated a willingness to negotiate an agreement to accept service in state court, waive technicalities of service, and agree on the selection of a state court judge. Ultimately no agreement was reached because defendants changed course and removed. Thus any delays in service are due to the fact that Plaintiffs' counsel engaged in good faith negotiations to moot the service issues.

4.     **Defendants are attempting to delay the deposition of Pauline Turner**.

Above all, the defendants are trying to prevent or delay discovery, including the critical deposition of Pauline Turner, an ERB Trustee who is gravely ill.  *See* Expedited Motion for Deposition of Pauline Turner, with attached Affidavit of Pauline Turner [Doc. No. 5], filed February 23, 2009.  To stop discovery, the defendants are making a series of circular arguments, along these lines: we don't want to answer the complaint, so we are going to file motions to dismiss; we don't want to answer discovery because we will be filing motions to dismiss; but we don't want to file our motions to dismiss on time, either.

Such arguments are clearly interposed for delay, which works to the advantage of all the defendants, because key witnesses for the State might die before they can be deposed.[3]

5.     **Every day of delay is extremely prejudicial to the State of New Mexico.**

Every day of delay in this case is extremely prejudicial to the Plaintiff State of New Mexico.  According to ¶ 86 of the complaint, which must be taken as true, the damages recoverable by the State of New Mexico are at least $365 million, exclusive of penalties, attorney fees, and costs.  Pursuant to N.M. Stat. Ann. § 56-8-4(B), the State of New Mexico is entitled to post-judgment interest on this amount at the rate of 15% per annum, which is equal to $150,000 per day.  So every day's delay in proceeding to the final judgment costs the State of New Mexico $150,000 in interest, and unjustly enriches the defendants in an equal amount.  Therefore all of the defendants have a huge financial incentive to delay this case, by any means possible.  Given this gigantic reward for delay – $150,000 per day – it is

---

[3] The Education Retirement Board deals with retirees, who by definition are elderly. As a result, there are other important witnesses besides Professor Turner who are elderly or in poor health.

doubtful that the Court has any effective remedies against delay, even if the Court were to impose attorney fees or other sanctions, if sanctions were to become appropriate. The only effective remedy is expediting this case, as required by 12 U.S.C. § 632.

Additionally, every day of delay in this case damages the State of New Mexico because many of the defendants may be unable to satisfy any judgment that might be awarded in favor of the State. Many of the defendants are merely shell entities, with no significant assets. *See* Complaint ¶ 42. Upon information and belief, some defendants are severely undercapitalized, and some defendants are effectively insolvent. For example:

- The defendant Bear Stearns collapsed in March of 2008. Bear Sterns was absorbed in some fashion by JPMorgan Chase, with the intervention and assistance of the United States government.

- The defendant Citigroup is effectively insolvent, despite the infusion of more than $45 billion in federal assistance.

- ABN AMRO and FORTIS NV are severely stressed if not insolvent. The Dutch and Belgian governments are trying to organize a rescue.

- The Vanderbilt defendants (Vanderbilt, Pioneer, etc.) are subsidiaries of the Unicredito Italiano Group, a European holding company centered in Italy. Unicredito (which also uses the name "Unicredit") is also under serious financial stress. *See* Google or other internet search engines concerning these defendants.

Accordingly, it is essential that this case move swiftly to resolution, so that the State of New Mexico can file a judgment and become a secured creditor if the Plaintiffs prevail in this case.

Respectfully submitted,

VICTOR R. MARSHALL & ASSOCIATES, P.C.

By    /s/ Victor R. Marshall
      Victor R. Marshall
      Attorneys for *Qui tam* Plaintiffs
      12509 Oakland NE
      Albuquerque, New Mexico
      505/332-9400
      505/332-3793 FAX

I hereby certify that a true and correct copy
of the foregoing was emailed on February 26, 2009
to all counsel of record, and also to those counsel
who have not filed appearances, but who have
identified themselves as representing defendants.

   /s/ Victor R. Marshall