THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, ex rel. FRANK C. FOY
AND SUZANNE B. FOY,

    *Qui tam* Plaintiffs,

v.                                        No. 6:09-CV-178 RB/WPL

VANDERBILT CAPITAL ADVISORS, LLC; et al.,

    Defendants.

## DEFENDANT GARY BLAND'S COMBINED MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER THE FRAUD AGAINST TAXPAYERS ACT AND MEMORANDUM BRIEF

Defendant Gary Bland ("Bland"), by and through his counsel, Montgomery & Andrews, P.A., moves this Court for an Order granting his motion to dismiss Plaintiffs' Complaint Under the Fraud Against Taxpayers Act ("Complaint"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs' Complaint fails to state a claim against Bland upon which relief can granted and should therefore be dismissed with prejudice.

## I.    SUMMARY OF ARGUMENT

Plaintiffs' *qui tam* action is based on the Fraud Against Taxpayers Act, N.M.S.A. 1978, §§ 44-9-1 through -14 (2007) ("FATA"). Complaint ¶ 1. Plaintiffs also allege violations of the Unfair Trade Practices Act, N.M.S.A. 1978, §§ 57-12-1 through -26 (2003) ("UTPA"). Complaint ¶ 87. For the reasons that follow, all claims under FATA and UTPA against Defendant Bland must be dismissed as a matter of law.

{00059515-1}

First, no FATA suit lies against Bland in his official capacity as New Mexico's State Investment Officer. The "course of proceedings" conclusively indicates that Bland is alleged to have acted in his official capacity. Bland is identified as the "State Investment Officer," who "acts as the chief staff executive of the State Investment Council." Complaint ¶ 33. Such a suit is barred because in his official capacity, Bland is an arm of the State, and the State is not a "person" under FATA. Even if Bland had been sued in his individual capacity, qualified immunity would operate to bar this suit.

Second, the Complaint does not state a claim against Bland under FATA because Rule 9(b) requires that allegations of fraud be pleaded with specificity. Although New Mexico courts have not construed the recently-enacted FATA in light of Rule 9(b), federal courts have uniformly held that the heightened pleading requirement of the rule applies to complaints filed under the federal False Claims Act, 31 U.S.C. § 3729–3733 ("FCA"), which is the federal analogue to FATA. Plaintiffs' Complaint, which contains exactly one specific allegation against Bland, is manifestly deficient in this regard and must therefore be dismissed.

Third, Plaintiff Frank Foy has failed to allege facts that satisfy a threshold jurisdictional requirement for bringing a FATA claim. Because Foy has alleged that he was a "former employee of a state agency" under the Act, he is required to plead that he exhausted internal remedies for reporting false claims under N.M.S.A. 1978, § 44-9-9 (2007). No such allegations appear in the Complaint, requiring dismissal of Frank Foy's FATA claim for failure to meet this jurisdictional

requirement. Moreover, Foy's wife is not a proper *qui tam* plaintiff, and she has been improperly named for the apparent purpose of circumventing this jurisdictional requirement.

Fourth, under settled New Mexico law, Plaintiffs cannot state claims under UTPA against Bland. UTPA contemplates a plaintiff who seeks or acquires goods and services and a defendant who provides goods and services. Where the parties do not meet these requirements, a UTPA action cannot lie. Moreover, Plaintiffs have not stated a claim under UTPA because they have alleged neither that Defendant Bland knowingly made a misleading, false, or deceptive statement in connection with the sale of goods or services, nor that Bland made any such statement in the regular course of his trade or commerce.

## II.    LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss for failure to state a claim is to be granted when it appears beyond doubt that the plaintiff cannot prove facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957). *But see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 1968-69 (2007) (abrogating this standard for motions under Fed.R.Civ.P. 12(b)(6), and holding that to survive such a motion the complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level"); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n. 2 (10th Cir.2007) (holding that the *Bell Atl. Corp.* standard applies to all motions to dismiss for failure to state a claim for relief).

In ruling on a motion to dismiss for failure to state a claim for relief, the court must accept all well-pleaded facts as true, and the allegations of the complaint must be viewed in the light most favorable to the plaintiff. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir.2002); *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1088-89 (10th Cir.2006). However, the court is not required to accept as true legal conclusions couched as factual allegations. *Bell Atl. Corp.*, 127 S.Ct. at 1964-65; *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944 (1986). Further, a complaint may be dismissed if the substantive law does not support the claims asserted. 2A J. Moore, Federal Practice 12.08 (2d ed.).

III. **NO CLAIM UNDER FATA LIES AGAINST BLAND IN HIS OFFICIAL CAPACITY BECAUSE HE DOES NOT QUALIFY AS A "PERSON" UNDER THE ACT.**

Plaintiffs have failed to state a claim against Bland because Bland is being sued in his official capacity as State Investment Officer. Federal courts interpreting the federal False Claims Act have held that because States and state agencies are not "persons" as defined in the federal False Claims Act, FCA suits against States and state agencies are barred. Because the definition of "person" in New Mexico's FATA expressly excludes States and state agencies, this Court should follow federal FCA analysis and find that suits against state officials in their official capacity are also barred under FATA.

A. **The "course of proceedings" conclusively indicates that Bland is being sued in his official capacity.**

Plaintiffs' Complaint does not expressly state whether Gary Bland is being sued in his official or individual capacity.   The allegations against Bland in the Complaint, however, conclusively indicate that Bland has been sued in his official capacity.   The "course of proceedings" indicates the nature of the liability sought to be imposed.  *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14 (1985); *Brandon v. Holt*, 469 U.S. 464, 469, 105 S.Ct. 873, 877 (1985).   In most cases, the intended capacity is ascertained from the pleadings, motions, oral argument of counsel, and other sources.   *See, e.g., Brandon*, 469 U.S. at 469-71; *United States ex rel. Adrian v. Regents of the Univ. of California*, 363 F.3d 398, 402-403 (5th Cir.2004).   In this case, the Complaint represents the entire course of proceedings.

In determining the capacity in which a state official has been sued, courts do not rely wholly on "the elementary mechanics of captions and pleading."  *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270, 117 S.Ct. 2028, 2034 (1997). Instead, courts "look at whether the alleged conduct of the defendant was outside of his official duties."  *United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa*, 269 F.3d 932, 937 (8th Cir. 2001) (citing *Bly-Magee v. California*, 236 F.3d 1014, 1016 (9th Cir.2001)).   Nothing in the Plaintiffs' Complaint suggests that Bland is alleged to have acted outside of his official duties.  Bland is identified as "the State Investment Officer," who "acts as the chief staff executive of the State Investment Council."   Complaint ¶ 33.  He is alleged to have "carried out instructions from John Doe #2 (and perhaps others) to invest State money in exchange for political

contributions or other illegal or improper inducements," in "plain violation of the fiduciary duties of board members and staff at the SIC." Complaint ¶ 64. It cannot reasonably be argued that investing State money was not within Bland's official duties as State Investment Officer. Because Plaintiffs are not alleging in the Complaint that Bland acted outside his duties, the "course of proceedings" indicates that Bland is alleged to have acted wrongfully solely in his official capacity, and this Court should so find.[1]

**B.   A False Claims Act suit against a state official in his official capacity is barred under federal law because a state official does not qualify as a "person" under the FCA.**

Section 3729(a) of the False Claims Act imposes liability upon any "person" who performs any of seven enumerated acts. The False Claims Act does not, however, define a "person" for purposes of that section. Applying its "longstanding interpretive presumption that 'person' does not include the

---

[1]    If this Court should find that the "course of proceedings" indicates that Bland has been sued in his individual capacity, Bland should be granted qualified immunity from Plaintiffs' suit. "Qualified immunity is generally available to government officials performing discretionary functions, but with one important limitation: immunity will not be granted to officials who should have known that their conduct violated the law." *Kennedy v. Dexter Consol. Schs.*, 2000-NMSC-025, ¶ 10, 129 N.M. 436, 10 P.3d 115 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 813-16, 102 S.Ct. 2727, 2735-2737).

In order to determine whether an official should have known that his or her conduct was unlawful, courts question: "(1) whether the defendant's alleged conduct violated a constitutional or statutory right, and (2) whether the right was clearly established at the time of the alleged conduct." *Id.* (citing *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793 (1991)). In the first analytical step, the court looks at "facts adduced by the party opposing immunity for 'any evidentiary support for finding a possible violation of law.'" *Starko, Inc. v. Gallegos*, 2006-NMCA-085, ¶ 13, 140 N.M. 136, 140 P.3d 1085 (Ct.App. 2006). "It is only if [the court] conclude[s] that a violation of a federal right has been alleged that [it] proceed[s] to the second step." *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001)).

As discussed at length in Parts IV and VI below, there is no basis in the Complaint for a finding of a violation of statutory law by Bland. Plaintiffs have failed to state a claim against Bland under the Fraud Against Taxpayers Act, and Plaintiffs' UTPA claims against Bland also fail on the face of the Complaint. Accordingly, for purposes of this Court's qualified immunity analysis, Plaintiffs have not alleged a violation of statutory law on the part of Bland and he is therefore entitled to immunity.

sovereign," the United States Supreme Court has specifically held that the False Claims Act does not subject a state or state agency to liability in such actions because such entities are not "persons" under the FCA. *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 787-88, 120 S.Ct. 1858, 1870-71 (2000).

Because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 165-166, 105 S.Ct. 3099, 3104-3105 (1985); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55 (1978).

A state employee sued for money damages for actions taken in an official capacity stands in the shoes of the sovereign and, like the State, is therefore not a "person" under the FCA. *See Stevens*, 529 U.S. at 788, 120 S.Ct. at 1870-71. Accordingly, claims against state agency employees in their official capacities are treated as claims against the state agency for purposes of the False Claims Act, and are barred. *United States ex rel. Adrian v. Regents of the Univ. of California*, 363 F.3d 398, 402 (5th Cir.2004).

C.    **The same reasoning that bars suit against state officials acting in their official capacity under the FCA should bar suit under the FATA.**

The definition of "person" in FATA excludes the State or state agencies, and suits brought under FATA against state agency employees in their official

capacities should be similarly barred. New Mexico's Fraud Against Taxpayers Act provides that a "person" shall not perform any of nine proscribed acts involving a false claim. Section 44-9-2(D) defines "person" as follows:

> "person" means an individual, corporation, firm, association, organization, trust, business, partnership, limited liability company, joint venture or any legal or commercial entity[.]

N.M.S.A. 1978, § 44-9-2(D) (2007).

Expressly excluded from this definition is a State or state subdivision. This Court, following the federal FCA analysis, should recognize that FATA does not apply to the State Investment Council and the Educational Retirement Board and their officers and members because they are not persons under FATA. This FATA suit should be dismissed against state officials acting in their official capacity.

The reasoning of the Supreme Court in *Stevens, supra,* in barring suits against States and state agencies is applicable to FATA. The Supreme Court stated that "the current version of FCA imposes damages which are essentially punitive in nature, which would be inconsistent with state *qui tam* liability in light of the presumption against imposition of punitive damages against governmental entities." *Stevens*, 529 U.S. at 784, 120 S.Ct. at 1869. *See also* N.M.S.A. 1978, § 41-4-19(C) (stating that no judgment "against a governmental entity or public employee" shall include punitive damages); *Torrance County Mental Health Program, Inc. v. N.M. Health & Env't Dep't*, 113 N.M. 593, 596, 830 P.2d 145, 148 (1992) (holding that punitive damages are not available in breach of contract suits against state agencies).

Like FCA, FATA imposes treble damages and a civil penalty of up to $10,000 per claim. N.M.S.A. 1978, § 44-9-3(C) (2007); *Stevens*, 529 U.S. at 785, 120 S.Ct. at 1869. As noted by the Supreme Court in *Stevens*, "[t]he very idea of treble damages reveals an intent to punish past, and deter future, unlawful conduct, not to ameliorate the liability of wrongdoers." *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 639, 101 S.Ct. 2061, 2066 (1981). Because the imposition of punitive damages on governmental entities punishes "only the taxpayers, who took no part in the commission of the tort," and is "likely accompanied by an increase in taxes or a reduction of public services for the citizens footing the bill," such awards are generally barred under federal statutes. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267, 268, 101 S.Ct. 2748, 2759, 2760 (1981). The same reasoning should apply to FATA: because the Act provides punitive treble damages, suits under FATA against governmental entities are barred.

Furthermore, the notion that a FATA suit, which is intended to replenish state coffers depleted by the payment of false claims *by* the state, may be brought *against* the state *for the state's benefit* is absurd. If Plaintiffs' FATA claims against Bland in his official capacity are successful, the State of New Mexico will be required to pay the damages. As provided in FATA, these funds would be returned to the State, minus the percentage apportioned to the *qui tam* Plaintiff. N.M.S.A. 1978, § 44-9-7 (2007). If the purpose of FATA is to benefit the state and its taxpayers by facilitating the recovery of fraudulently obtained funds, then allowing

a suit by the state *against itself* to recover only a reduced percentage of the same funds makes no sense whatsoever, and results in a windfall for the *qui tam* plaintiff without providing any benefit to the taxpayers.

Finally, a suit brought by the state against the state would invoke a number of internal contradictions in the provisions of FATA. For example, Section 44-9-10 provides: "The state shall not be liable for expenses or fees that a qui tam plaintiff may incur in investigating or bringing an action pursuant to [FATA]." However, Section 44-9-7(D) provides: "The qui tam plaintiff shall also receive an amount for reasonable expenses incurred in the action plus reasonable attorney fees that shall be paid by the defendant." The latter provision neither excepts states as defendants nor includes them by overriding Section 44-9-10, and the former provision makes no exception for cases in which the state is the defendant. The fact that neither provision addresses the situation where the state is the defendant furnishes additional statutory evidence that FATA does not contemplate suits against the State, state agencies, or state officials in their official capacities. For the foregoing reasons, Plaintiffs' suit against Bland in his official capacity is barred as a suit against the State.

## IV.   PLAINTIFFS HAVE NOT STATED A FATA CLAIM AGAINST DEFENDANT GARY BLAND WITH THE REQUIRED PARTICULARITY.

Plaintiffs' Complaint names eighty-seven (87) defendants, including fifty (50) "John Doe" defendants, all of whom are apparently alleged to have violated FATA. The Complaint, however, fails to specifically allege any actions taken by Bland that

constitute such a violation.   Plaintiffs' Complaint must therefore be dismissed pursuant to Rule 9(b) for lack of specificity.

### A.   Under New Mexico law, fraud must be pleaded with particularity.

Because Plaintiffs are asserting state law causes of action against Bland, New Mexico law governing pleading standards applies to the Complaint. Rule 1-009(B) NMRA (2007) states, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *See also Saylor v. Valles*, 2003-NMCA-037, ¶ 22, 133 N.M. 432, 63 P.3d 1152 ("Circumstances constituting fraud must be stated with particularity.")   New Mexico courts have construed Rule 9(b) to mean that a pleading of fraud "is sufficient if the facts alleged are facts from which fraud will necessarily be implied; in addition, the allegations should leave no doubt in defendants' minds as to the claim asserted." *Delgado v. Costello*, 91 N.M. 732, 734, 580 P.2d 500, 502 (Ct.App.1978). *See also In re Stein*, 2008-NMSC-013, ¶ 46, 143 N.M. 462, 177 P.3d 513 (holding that the Rule 9(b) pleading standard was met "by particularizing the instances of misrepresentation . . . so as to leave no doubt in Respondent's mind as to the charges asserted against him").

The Complaint is not even marginally specific as to the basis for the FATA claim against Bland.  Read as a whole, the Complaint alleges a scheme by which some unspecified subset of "defendants," possibly the "foreign defendants," *see, e.g.,* Complaint ¶ 44, or "financial defendants," *see, e.g.,* Complaint ¶ 50, misrepresented the value of collateralized debt obligation investment products sold

to the State of New Mexico, Complaint ¶¶ 46-60.  The Complaint alleges that through these false representations, "the defendants" sold the State of New Mexico a worthless investment package, Complaint ¶ 52, and that without these false representations, the State of New Mexico would not have made the investment, Complaint ¶ 58.  It is unclear, however, from the face of the Complaint, how Bland is alleged to have violated FATA.

Bland is identified in the Complaint as the State Investment Officer, who acts as the chief executive of the State Investment Council.  Complaint ¶ 33.  Given his position as one who makes investments on behalf of the State of New Mexico, allegations of misrepresentation and false claims made *to* the State of New Mexico regarding the CDO investments cannot possibly be attributed to Bland, as a purchasing agent *of* the state, absent specific allegations that Bland was somehow attempting to defraud the State in conspiracy with the financial institutions who sold these investment packages.  Such specific allegations are nowhere to be found in the Complaint.  The Complaint's lack of required detail renders the Complaint inadequate.  Plaintiffs have not alleged sufficient facts to meet the Rule 9(b) requirement for pleading fraud against Defendant Bland, and the Complaint should be dismissed.

**B.    Under the False Claims Act, the federal analogue to FATA, all fraud claims are subject to the heightened pleading requirement of Rule 9(b) NMRA.**

Because FATA was only recently enacted in 2007, no New Mexico appellate court has construed its provisions in light of the heightened pleading requirement of

Rule 9(b). However, federal courts have extensively construed the False Claims Act, the federal analogue to FATA. The False Claims Act, although organized in a different manner, shares the same purpose as FATA, and its language is similar to FATA's in most material respects. *Compare* 31 U.S.C.A. §§ 3729-33 and N.M.S.A. 1978, §§ 44-9-1 through -14. Given that the False Claims Act and FATA are closely analogous statutes, this Court should adopt federal guidance as to the applicability of the heightened pleading requirement of Rule 9(b) to FATA claims. Federal courts have consistently held the False Claims Act is subject is the requirements of federal Rule 9(b). *See, e.g., United States ex rel. Smith v. Boeing Co.*, 505 F.Supp.2d 974, 981 (D.Kan.2007); *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726 (10th Cir.2006); *United States ex rel. Schwartz v. Coastal Healthcare Group, Inc.*, 232 F.3d 902 (Table), 2000 WL 1595976 (10th Cir., Oct.26, 2000) (citing cases).

The Rule 9(b) specificity requirement has been construed to require "precision" and "substantiation" in fraud allegations. The purpose of Rule 9(b) is to "provide defendants with notice of the precise misconduct that is alleged and to protect defendants' reputations by safeguarding them against spurious allegations of immoral and fraudulent conduct." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir.1997). Accordingly, the requirements of Rule 9(B) may only be satisfied "if the Complaint describes the circumstances of the alleged fraud with precise allegations of date, time, or place *or* by using some means of injecting precision and some measure of substantiation into their allegations of fraud."

*United States ex rel. Bartlett v. Tyrone Hosp. Inc.*, 234 F.R.D. 113, 118 (W.D.Penn.2006) (internal quotations marks omitted). "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." *United States ex rel. Smith v. Boeing Co.*, 505 F.Supp.2d 974, 981-82 (D.Kan.2007) (internal quotation marks and citation omitted). "The circumstances required to be pled with particularity are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* at 982.

### C. The Complaint fails to meet any of the federal standards with respect to pleading fraud.

The Complaint fails to meet any of the federal standards with respect to pleading fraud. The only specific factual allegation against Bland to be found in the Complaint is that "Gary Bland and others at the [State Investment Council] carried out instructions from John Doe #2 (and perhaps others) to invest State money in exchange for political contributions or other illegal or improper inducements." Complaint ¶ 64. "This," the Complaint alleges, "was a plain violation of the fiduciary duties of board members and staff at the [State Investment Council]." *Id.* No violation of fiduciary duty has been alleged, however, against Defendant Bland. Instead, Plaintiffs would have this Court find that this allegation somehow states a claim for a violation of FATA. It does not.

The allegation of paragraph 64, even if true, does not constitute a violation of FATA. The Act enumerates nine (9) prohibited activities. *See* N.M.S.A. 1978, § 44-9-3(A)(1)-(9) (2007). Plaintiffs' Complaint alleges that "the defendants" as a

whole have violated eight (8) of the nine prohibited acts.  Complaint ¶¶ 3-10.
However, the only specific allegation against Bland does not state a claim for relief
under any of the prohibited acts.

First, the allegation does not establish that Bland "knowingly present[ed], or
cause[d] to be presented, to an employee, officer or agent of the state or to a
contractor, grantee or other recipient of state funds a false or fraudulent claim for
payment or approval."  N.M.S.A. 1978, § 44-9-3(A)(1) (2007).  In fact, nowhere in
the Complaint does there appear an allegation that Bland was in any way involved
in presenting a "false claim."  Part III of the Complaint alleges that "defendants"
made, or caused to be made, false and misleading statements about the CDO
investments, without which, "the State of New Mexico would not have made this
investment."  Complaint ¶¶ 46-60.  These statements, it must be inferred from the
Complaint, are the "false claims" that Bland is alleged to have presented under
Section 44-9-3(A)(1).  However, according to the Complaint, these false claims
were presented to Bland, as chief staff executive of the State Investment Council.
Bland is not specifically alleged to have presented any such false claims to any
party.

Second, there is no allegation that Bland knew that the investment materials
were false claims.  Absent an allegation of Bland's "knowledge" concerning the
alleged false claims in this case, Plaintiff has failed to state a claim under Section
44-9-3(A)(1).  For the same reasons, the Complaint does not state a claim that
Bland "knowingly ma[d]e or use[d], or cause[d] to be made or used, a false,

misleading or fraudulent record or statement to obtain or support the approval of or the payment on a false or fraudulent claim."   N.M.S.A. 1978, § 44-9-3(A)(2) (2007).

Third, the allegation of paragraph 64 does not state a claim under Sections 44-9-3(A)(3) or (A)(4).  To state a claim under either theory, Plaintiff must allege a conspiracy involving Bland.  Plaintiffs specifically allege neither that Bland was involved in a conspiracy "to defraud the state by obtaining approval or payment on a false or fraudulent claim" under Section 44-9-3(A)(3), nor that he was involved in one to "make, use or cause to be made or used, a false, misleading or fraudulent record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the state" under Section 44-9-3(A)(4).   Accordingly, any claims against Bland brought under these subsections must be dismissed.

Fourth, the only specific allegation does not state a claim that Bland, "when in possession, custody or control of property or money used or to be used by the state, knowingly deliver[ed] or cause[d] to be delivered less property or money than the amount indicated on a certificate or receipt," under Section 44-9-3(A)(5), or that he, "when authorized to make or deliver a document certifying receipt of property used or to be used by the state, knowingly ma[d]e or deliver[ed] a receipt that falsely represent[ed] a material characteristic of the property," under Section 44-9-3(A)(6).   No receipt or certificate is alleged to have existed in this case, rendering these subsections entirely inapplicable to the facts stated by Plaintiff. Moreover, to be actionable, both of these subsections would require allegations of

"knowledge" on the part of Bland as to his participation in the alleged violation. Absent these allegations, Plaintiff fails to state a claim under Sections 44-9-3(A)(5) or (6).

Finally, the Complaint is devoid of any specific factual allegations that Bland "knowingly ma[d]e or use[d], or cause[d] to be made or used, a false, misleading or fraudulent record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the state" under Section 44-9-3(A)(8), or that he, "as a beneficiary of an inadvertent submission of a false claim and having subsequently discovered the falsity of the claim, fail[ed] to disclose the false claim to the state within a reasonable time after discovery" under Section 44-9-3(A)(9). With regard to the former, there is no allegation that Bland made or used a false claim to avoid or decrease an obligation to pay the state, and with regard to the latter, there is no allegation that Bland was a beneficiary of any false claim.

The single allegation in paragraph 64 of the Complaint that Bland followed instructions from other Defendants provides neither "precise allegations of date, time, or place," nor "some measure of substantiation." *See United States ex rel. Bartlett*, 234 F.R.D. at 118. It fails to "set forth the who, what, when, where and how of the alleged fraud," particularly as to how the alleged fraud constitutes a FATA violation. *See United States ex rel. Smith*, 505 F.Supp.2d at 981-82. Paragraph 64 is designed merely to expose Bland to "spurious allegations of immoral and fraudulent conduct," in an effort to score a victory against Bland in the court of public opinion. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

at 1418. "Without any allegations about who specifically participated in [the submission of any allegedly false] claims and how and when the claims were submitted, [Bland is] unable to marshal a defense." *See United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 555 (8th Cir. 2006). Because Plaintiffs' Complaint is manifestly deficient in stating any allegations that support a cause of action under any of the nine acts prohibited by FATA, it must be dismissed for failure to state a claim against Bland under Rule 1-012(B)(6).[2]

## V.    PLAINTIFF FRANK FOY HAS FAILED TO ALLEGE THAT HE EXHAUSTED EXISTING INTERNAL PROCEDURES FOR REPORTING FALSE CLAIMS.

### A.    This suit is barred because Frank Foy failed to allege that he exhausted internal procedures.

FATA specifically bars certain actions on jurisdictional grounds. N.M.S.A. 1978, § 44-9-9 (2007). One jurisdictional bar is found at Section 44-9-9(A), which bars suits brought "by a present or former employee of a state agency unless the employee, during employment with the agency and in good faith, exhausted existing internal procedures for reporting false claims and the agency failed to act on the information provided within a reasonable period of time." N.M.S.A. 1978, § 44-9-9(A) (2007). The Complaint alleges that Frank Foy joined the Educational Retirement Board ("ERB") in 1992, became the ERB's Chief

---

[2] Moreover, where Plaintiffs have made allegations that seemingly involve all or at least some of the defendants, e.g., "The defendants knew that many of the underlying CDO assets were exception loans, but they misrepresented and concealed this fact," Complaint ¶ 55, such allegations are deficient in that they fail to identify with particularity which defendants were actually involved. *United States ex rel. Robinson v. Northrop Corp.*, 149 F.R.D. 142, 145-46 (N.D.Ill.1993) (holding that the plaintiff must specifically allege which individuals were involved in each of the fraudulent acts alleged).

Investment Officer in 1996, and continued in that position through the events alleged in the Complaint. Complaint ¶ 61. On the face of the Complaint, then, Section 44-9-9(A) applies to Frank Foy as a "former employee of a state agency." There are no allegations in the Complaint, however, sufficient to satisfy the jurisdictional bar of Section 44-9-9(A) with respect to Mr. Foy.

Plaintiffs' Complaint outlines Mr. Foy's self-described "fight against kickbacks and illegal inducements" such as those alleged in this suit. Complaint, Part IV. These allegations chronicle Foy's purported efforts to enforce the ERB's policy against political contributions by financial vendors and advisors. However, no mention is made whatsoever of ERB's internal procedures for reporting false claims, if any exist, the basic requirement to report concerns of impropriety to ERB at or after the subject investments, if there were no formal procedures at ERB for reporting false claims, or of Foy's attempts to exhaust these procedures. Foy is described as being "particularly outspoken" about alleged political taint, Complaint ¶ 67, "resisting" alleged pressure to "hire investment managers who were not the best qualified candidates, or to make investments" based on political pressure, Complaint ¶¶ 69-70, and "speak[ing] out against 'pay to play,'" Complaint ¶ 73. His Complaint, however, does not set forth any affirmative steps Foy took to internally report his allegations on these transactions.

Lack of any essential element of jurisdiction over the parties or lack of the power to decide the particular matter presented is fatal to the Complaint. *See State ex rel. Overton v. New Mexico State Tax Commission*, 81 N.M. 28, 31, 462

P.2d 613, 616 (1969).  It appears from the face of the Complaint that, instead of exhausting internal ERB procedures for reporting false claims, Foy allowed his allegations to ripen into a potentially personally lucrative lawsuit rather than addressing them internally in the best interests of the state.  Absent specific allegations that Foy exhausted internal false claims reporting procedures, Plaintiffs' Complaint must be dismissed on jurisdictional grounds.

### B.    Because Suzanne Foy is not a proper *qui tam* plaintiff, Frank Foy's attempt to circumvent the jurisdictional exhaustion requirement fails.

Mr. Foy's wife is named *qui tam* Plaintiff in this case in an improper attempt to avoid the jurisdictional requirement stated at Section 44-9-9(A).  Her cause of action is, therefore, barred.  FATA does not contemplate multiple *qui tam* plaintiffs, where, as in this case, all plaintiffs are bringing their action based on the same set of facts.  Section 44-9-5(E) provides:

> When a person brings an action pursuant to this section, no person other than the attorney general on behalf of the state may intervene or bring a related action based on the facts underlying the pending action.

N.M.S.A. 1978, § 44-9-5(E) (2007).

Section 44-9-5(E) operates to bar Suzanne Foy's cause of action as duplicative and parasitic.  Her name appears in the Complaint solely for purposes of identifying her as a purported Plaintiff in the case.  Complaint ¶¶ 1, 14.  There is no indication whatsoever that Suzanne Foy has any knowledge pertaining to the alleged submission of false claims to the State of New Mexico, other than knowledge she gained by virtue of being informed by her husband, a state

employee, Frank Foy.  Her knowledge, then, in like information derived from media reports or other public information.  Suits based on second-hand information are barred by FATA for public policy reasons.  *See* N.M.S.A. 1978, § 44-9-9(D) (2007) (barring suits based on media reports and other publicly disclosed information); *cf.* 31 U.S.C.A. § 3730(e)(4)(A) (same); *United States ex rel. Holmes v. Consumer Ins. Group*, 318 F.3d 1199, 1204 (10th Cir.2003) (stating that a parasitic law suit occurs when the relator uses information already in the public domain rather than information personally obtained).

Moreover, FATA is written entirely in the singular.  As such, it does not contemplate multiple *qui tam* plaintiffs.  For example, FATA's award provisions, Section 44-9-7, do not contemplate the payment of proceeds to multiple plaintiffs. For example, Section 44-9-7(B) provides:

> If the state does not proceed with an action brought by *a* qui tam plaintiff and the state prevails in the action, *the* qui tam plaintiff shall receive an amount that is not less than twenty-five percent or more than thirty percent of the proceeds of the action or settlement, as the court deems reasonable for collecting the civil penalty and damages.

N.M.S.A. 1978, § 44-9-7(B) (2007) (emphasis added).

Notably, the statute provides no procedure for the dispensation of proceeds to multiple plaintiffs.  A reading of the plain language of the dispensation provisions would result, however, in a situation where multiple plaintiffs would each be entitled to the allotted percentage of recovery.  *See Sims v. Sims*, 1996-NMSC-078, ¶ 17, 122 N.M. 618, 930 P.2d 153 (stating that the plain-meaning rule requires a court to give effect to the statute's language and refrain from further

interpretation when the language is clear and unambiguous).  Because recovery is expressed in the statute as a percentage, allowing duplicative recovery by multiple *qui tam* plaintiffs could conceivably award the entirety of the funds intended to replenish state coffers to plaintiffs, leaving none for the state and subverting the purpose of FATA.  This cannot be a result the legislature intended when it enacted FATA.  *See also United States ex rel. LaValley v. First National Bank of Boston*, 1994 WL 601874, 1 (D.Mass.) (Noting that the district court allowed defendant's motion asserting that the law requires a single relator and the complaint was amended to remove two unnecessary parties as relators.)  Because Suzanne Foy is not a proper qui tam plaintiff, and because Frank Foy's cause of action is barred for failure to plead exhaustion of internal procedures, Plaintiffs' claims must be dismissed.

## VI.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR VIOLATIONS OF THE UNFAIR TRADE PRACTICES ACT AGAINST DEFENDANT BLAND.

Pursuant to controlling New Mexico law, Plaintiffs cannot state a claim for relief against Defendant Bland under the Unfair Trade Practices Act (UTPA), N.M.S.A. 1978, §§ 57-12-1 to -26 (2003).  The UTPA claims must therefore be dismissed with prejudice.

By its plain language, UTPA prohibits any "[u]nfair or deceptive trade practices . . . in the conduct of any trade or commerce."  Section 57-12-3.  An "[u]nfair or deceptive trade practice" is defined as:

> Any false or misleading oral or written statement . . . or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods and services or in the extension of

credit or in the collection of debts by any person in the regular course of his trade or commerce.

N.M.S.A. 1978, § 57-12-2(D) (2003).

Accordingly, UTPA only "contemplates a plaintiff who seeks or acquires goods and services and a defendant who provides goods and services." *Santa Fe Custom Shutters & Doors, Inc. v. Home Depot*, 2005-NMCA-051, ¶ 14, 137 N.M. 524, 113 P.3d 247. New Mexico case law is therefore clear: UTPA provides standing only to buyers of goods and services. *Id.* In this case, Plaintiffs are not alleging that they were seeking to acquire goods and services from any party. Moreover, Bland is not alleged to have been a provider of goods and services, and cannot therefore be liable for violations of UTPA. *See also Saylor v. Valles*, 2003-NMCA-037, ¶ 12-13, 133 N.M. 432, 63 P.3d 1152 (affirming dismissal of UTPA claim where defendants did not sell, lease, rent or loan goods or services and were not engaged in "trade" or "commerce" as defined in Section 57-12-1).

Furthermore, Plaintiffs have failed to state a claim for UTPA violations for which relief can be granted. The Complaint contains no allegations whatsoever that Defendant Bland engaged in activity meeting any of the elements of a UTPA claim. To state a claim under the statute, a plaintiff must demonstrate that (1) defendant made an oral or written statement, visual description or other representation of any kind that was either false or misleading; (2) the false or misleading statement was knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debt; (3) the representation occurred in the regular course of the representor's

trade or commerce; and (4) the representation may, tends to, or does, deceive or mislead any person. N.M.S.A. 1978, § 57-12-2(D) (2003).

Simply put, "[t]he gravamen of an unfair trade practice is a misleading, false, or deceptive statement made knowingly in connection with the sale of goods or services." *Diversey Corp. v. Chem-Source Corp.*, 1998-NMCA-112, ¶ 17, 125 N.M. 748, 965 P.2d 332. Plaintiffs' Complaint does not allege that Defendant Bland made any statement whatsoever, let alone a misleading, false or deceptive statement. *See* N.M.S.A. 1978, § 57-12-2(D) (2003). Nor do Plaintiffs allege that Defendant Bland made any such statement in connection with the sale, lease, rental or loan of goods and services or in the extension of credit or in the collection of debt. *See id.* Finally, there are no allegations that Bland made any such statements in the regular course of his trade or commerce. *See id.* In the absence of any allegations supporting these essential elements of a UTPA claim, dismissal of Plaintiffs' UTPA claims against Bland is appropriate.

## VII.   CONCLUSION

Plaintiffs' claims under FATA must be dismissed because (1) Bland cannot be sued in his official capacity, (2) Plaintiffs have failed to state with the required specificity a claim under FATA for which relief may be granted, and (3) Plaintiff Frank Foy has failed to allege facts satisfying the jurisdictional requirement that he exhausted internal false claims reporting procedures prior to filing this action. Furthermore, Plaintiffs' claims under UTPA must be dismissed because Plaintiffs do

not have standing to bring such an action where they were not buyers of goods and services and Defendant Bland was not a seller of the same.

MONTGOMERY & ANDREWS, P.A.

By: *Walter J. Melendres*
Walter J. Melendres
Stephen S. Hamilton
P.O. Box 2307
Santa Fe, NM 87504-2307
(505) 982-3873

Attorneys for Defendant Gary Bland

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 2, 2009, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Victor R. Marshall
victor@vmashall.com

David K. Thomson
dthomson@nmag.gov

Peter L. Simmons
Peter.Simmons@friedfrank.com

Samuel P. Groner
Samuel.Groner@friedfrank.com

William C. Madison
wcm@madisonlaw.com

Mark F. Sheridan
msheridan@hollandhart.com

Richard A. Rosen
rrosen@apulweiss.com

Nan E. Erdman
nerdman@nmag.gov

Andrew G. Schultz
aschultz@rodey.com

John T. Boese
John.Doese@friedfrank.com

Douglas W. Baruch
Douglas.Baruch@friedfrank.com

Kristina Martinez
kemartinez@hollandhart.com

Maria T. Vullo
mvullo@paul.weiss.com

David W. Peterson
DWP@Keleher-Law.com

{00059515-1}

William Spencer Reid
SR@Keleher-Law.com

Christopher Grimmer
cmg@santafelawyers.com

Carol C. Payne
cpayne@vellaw.com

Lauren Keefe
lkeefe@peiferlaw.com

Paul Fish
pfish@modrall.com

Kelcey Nichols
knichols@hinklelawfirm.com

Martin R. Esquivel
mesquivel@narvaezlawfirm.com

Eric Loman
eric@bregmanlawfirm.com

Faith Kalman Reyes
freyes@simmonsfirm.com

Michael W. Brennan
mwbrennan@qwestoffice.net

Stephen M. Simone
ssimone@srw-law.com

Philip A. Geraci
pageraci@kayescholer.com

Mel Yost
mey@santafelawyers.com

William B. Dawson
bdawson@vellaw.com

Charles R. Peifer
cpeifer@peiferlaw.com

John M. Conlon
JConlon@mayerbrown.com

Thomas M. Hnasko
thnasko@hinklelawfirm.com

Bryan C. Garcia
brarcia@narvaezlawfirm.com

Sam Bregman
sam@bregmanlawfirm.com

Eric T. Gortner
egortner@kirkland.com

Douglas A. Baker
dab@modrall.com

David F. Cunningham
dfc@catchlaw.com

Daniel R. Alonso
dalonso@kayescholer.com

Walter J. Melendres

Walter J. Melendres