IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, Plaintiff, *ex rel*. FRANK C. FOY
AND SUZANNE B. FOY,  *Qui tam* Plaintiffs,

v.  No. 6:09-CV-178 - RB/DJS
(Removed from Santa Fe District Court)
(Case No. D-101-CV-2008-1895)

VANDERBILT CAPITAL ADVISORS, LLC, *et al.*,

　　　　Defendants.

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
EXPEDITED MOTION FOR DEPOSITION OF PAULINE TURNER**

The Plaintiff State of New Mexico, and the *qui tam* Plaintiffs Frank and Suzanne Foy, have filed an emergency motion to take the deposition of Professor Pauline Turner on March 23, 2009, or earlier if her health deteriorates [Doc. No. 5]. The Vanderbilt defendants have filed a response in opposition to her deposition [Doc. No. 21]. Defendant David Contarino has also filed his opposition [Doc. No. 68].

In reply to Vanderbilt and Contarino, the Plaintiffs respectfully submit the following:

**1.　None of the other defendants have objected to Professor Turner's deposition.**

There are 37 named defendants in this case. Only the Vanderbilt defendants (Vanderbilt Capital Advisors, LLC; Vanderbilt Financial, LLC; Vanderbilt Financial Trust; Hood; Kessinger; Nault; Stern; Bernhardt; Florian; Koenig; Bradley; and Pioneer Investment Management USA, Inc.) and Mr. Contarino have objected. The other 24 defendants have consented to granting the motion to take Professor Turner's deposition, *see* LR-CV 7.1(b). These defendants should be commended for having the decency to recognize

that her deposition should be taken as soon as possible.  As to those defendants, the deposition can proceed.

As to Mr. Contarino and Vanderbilt, the Court should overrule their objections, which are dilatory and without merit.

2. **Professor Turner's deposition testimony is crucial.**

Professor Turner's sworn affidavit is uncontroverted.  Her affidavit establishes that she served as an ERB Trustee for 14 years; that she has important firsthand knowledge about the hotly disputed facts in this case; that she is in quite poor health; and that she wants to give her testimony at a deposition.

Professor Turner has first hand knowledge concerning the circumstances surrounding the State's investment in Vanderbilt.  *See* Complaint ¶ 69 and the ERB Board Minutes for May 12, 2006, attached hereto as Exhibit 1, pertinent portions bracketed per LR-CV 10.6.  Professor Turner voted against the Vanderbilt investment.

Given Professor's Turner's ill health and the importance of her testimony, Fed. R. Civ. P. 26(d) clearly contemplates that her deposition can be taken, in order to preserve crucial testimony which might otherwise be lost because of the witness's death or incapacity.  This is one reason why Rule 26(d) expressly provides that the Court may modify the 26(f) delay - to allow a witness like Professor Turner to testify and be cross-examined.  *Neither the Vanderbilt defendants nor Mr. Contarino have cited any reported federal decision under Rule 26(d) that prevents an ailing witness from giving her testimony*.  One would hope that there are no such decisions by any federal court, published or unpublished, because the purpose of the federal

2

rules is to obtain relevant testimony, not to destroy it. If Professor Turner is not deposed quickly, her testimony might die with her.

> 3. **The Vanderbilt defendants are attempting to use removal to delay this case.**

This case is currently in federal court only because of a surprise removal by Vanderbilt and UBS, purportedly under the authority of 12 U.S.C. § 632. In order to remove, Vanderbilt and UBS are now claiming that this case arises out of an international banking transaction. Plaintiff State of New Mexico will be filing a motion to remand, but in the meantime Vanderbilt should not be allowed to prevent Professor Turner's deposition. Whether this case ends up in federal or state court, Professor Turner's deposition will be needed.

This case was filed in state court, and it asserts causes of action only under state law. Under the New Mexico Rules of Civil Procedure, the Plaintiffs had the right to take Professor Turner's deposition 30 days after service of the complaint. Rule 1-030(A), NMRA 2009. Permission of the court was not required, so the defendants would have been required to obtain a court order blocking her deposition, since she is a third-party witness who is willing to appear voluntarily.

After defendants received the complaint, counsel for the defendants and plaintiffs began discussing scheduling and the selection of a judge in state court, because it was the consensus of defendants and plaintiffs that this case was not subject to removal. While there was no final or formalized agreement, counsel did spend some time talking about judge assignments, discovery, and pleadings in state court. UBS and Vanderbilt then filed a

surprise removal under 12 U.S.C. § 632, based on their far-fetched assertion that this case arises out of an international banking transaction, which they have been unable to identify.

Having removed the case, at least temporarily, Vanderbilt claims that the federal court should stop Professor Turner's deposition. Vanderbilt is also trying to delay answering the interrogatories and requests for production which were served on Vanderbilt along with the complaint, citing Fed. R. Civ. P. Rule 26(d) to excuse itself from answering. Under New Mexico rules, Vanderbilt's discovery responses were due 45 days from service of the complaint – on March 2 and 3.

To slow this case, Vanderbilt has even refused to comply with Fed. R. Civ. P. 81(c)(2)(C). Once Vanderbilt removed this case, Rule 81 required it to respond to the complaint within 5 days from removal – by February 27. But Vanderbilt has failed to file an answer or motion to dismiss within the time allowed by the federal rule. Instead, Vanderbilt wants to delay its pleadings until an indefinite time in the future – after a motion to remand is ruled upon [Doc. No. 21]. This makes no sense, because Vanderbilt's response to the complaint is needed and overdue, whether this case is remanded or not.

These dilatory tactics are particularly egregious in this case, because 12 U.S.C. § 632 contains an expedition clause: "Such removal shall not cause undue delay in the trial of such case and a case so removed shall have a place on the calendar of the United States court to which it is removed relative to that which it held on the State court from which it was removed."

**4.    The specific objections by Vanderbilt and Contarino are without merit.**

The Vanderbilt defendants and Mr. Contarino raise a variety of objections which are without substance.

- Vanderbilt and Contarino are not convinced that Professor Turner is seriously ill. However Professor's Turner's affidavit about her illness is uncontroverted.

- Vanderbilt argues that Professor Turner's deposition may be unnecessary because Vanderbilt intends to file a motion to dismiss that will dispose of the entire case (apparently against all defendants). This is utter speculation, especially since Vanderbilt has not even filed this supposedly conclusive motion. Indeed, Vanderbilt has failed to comply with the federal deadline for filing such a motion – five days after removal. Fed. R. Civ. P. 81(c)(2)(C).

- Vanderbilt and Contarino refuse to limit Professor Turner's deposition to seven hours, despite her age and ill health. Their position is morally reprehensible. Vanderbilt and Mr. Contarino are threatening an elderly witness with an interminable deposition. Given the Vanderbilt-Contarino objections, the Court should impose reasonable time limits and ground rules to protect Professor Turner's health.

- Mr. Contarino points out that the Attorney General has declined to prosecute this case through the Attorney General's office. Mr. Contarino seems to imply that the Attorney General considers this case to be without merit. This implication is incorrect. However Mr. Contarino fails to mention that the Attorney General's office simply does not have the staff and resources to prosecute this *qui tam* case, because it has only one attorney for approximately 93 *qui tam* cases now pending under seal. Out of all those cases, the Attorney General has agreed that this case should be unsealed and move forward.

- Mr. Contarino complains about the delay in unsealing the complaint and Exhibit A, which identifies him as John Doe # 2. However, there were good reasons for this timetable. Plaintiffs kept the complaint under seal until they could obtain a court order

5

allowing them to share the sealed complaint with the Securities Exchange Commission and other federal enforcement authorities.  *See* Expedited Motion for Court Order Authorizing Disclosure to the Securities and Exchange Commission, filed December 5, 2008 [Doc. No. 1, Exhibit J].

- Counsel for the Vanderbilt defendants assert that it would be difficult (but not impossible) for them to participate on the March 23-25 dates.  However they offer no specifics, and any date is likely to be inconvenient for some of the numerous defense attorneys.

- To facilitate the deposition on March 23-25, the Plaintiffs are agreeable to Vanderbilt's proposal that defense counsel make arrangements to hold the deposition at one of their offices in Albuquerque, and to allow defendants to participate by videoconference.

- If Plaintiffs obtain any documents prior to the deposition from the subpoenas which they have issued to non-parties, Plaintiffs are agreeable to providing copies to defendants as soon as practicable, at defendants' expense.

- Plaintiffs agree that all defendants should be allowed to participate in Professor Turner's deposition without waiving their objections to personal jurisdiction and service of process.

## CONCLUSION

For the reasons stated in the motion, the Court should enter an order directing that Professor Turner's deposition will be taken on March 23-25, or earlier if that becomes necessary due to deteriorating health; that the deposition shall be limited to a total of seven hours, divided equally between Plaintiffs and defendants; that defendants may participate by videoconference if they make the arrangements; and that if Plaintiffs obtain any non-party

documents via subpoena prior to the deposition, Plaintiffs will provide them as soon as practicable to defendants, at defendants' expense. Plaintiffs also ask the Court to impose whatever rules it deems appropriate to protect the health of the witness during the deposition.

          Respectfully submitted,

          VICTOR R. MARSHALL & ASSOCIATES, P.C.

          By      /s/ Victor R. Marshall
                Victor R. Marshall
                Attorneys for *Qui tam* Plaintiffs
                12509 Oakland NE
                Albuquerque, New Mexico
                505/332-9400
                505/332-3793 FAX

I hereby certify that on March 9, 2009 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      /s/ Victor R. Marshall