IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.* FRANK C. FOY
AND SUZANNE B. FOY,

    *Qui tam* Plaintiffs,

vs.   No. CV-09-178 RB/DJS

VANDERBILT CAPITAL ADVISORS, LLC, *et al.*,

    Defendants.

### VANDERBILT DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY SCHEDULE

The Vanderbilt defendants[1] oppose plaintiffs Frank and Suzanne Foy's[2] motion for an expedited discovery schedule [Doc. 12]. There is no "confusion over discovery created by the removal of this case to federal court" (Mot. at 1). The Court's rules are crystal clear that no discovery is permitted until the parties have held their Rule 26(f) conference. D.N.M.LR-Civ.

---

[1] The Vanderbilt defendants are Vanderbilt Capital Advisors, LLC, Vanderbilt Financial, LLC, Vanderbilt Financial Trust (now dissolved and succeeded by Vanderbilt Financial, LLC), Osbert M. Hood, Ron D. Kessinger, Robert P. Nault, James. R. Stern, Stephen C. Bernhardt; Kurt W. Florian, Jr., Anthony J. Koenig, Jr., Mark E. Bradley and Pioneer Investment Management USA Inc. Defendants Hood, Kessinger, Nault, Stern, Bernhardt, Florian, Koenig and Bradley submit this response without waiving any of their personal jurisdictional defenses.

[2] In his motion, Foy incorrectly and misleadingly refers to himself repeatedly as the "State of New Mexico," and puts forth his contentions as if the state government were supporting him. Although the New Mexico Fraud Against Taxpayers Act notes that this action "should be brought in the name of the state," NMSA 1978 § 44-9-5(A), it also makes clear that "the person bringing the action" – Foy – "shall be referred to as the qui tam plaintiff," *id.*, and that only the attorney general may speak for the state, *e.g., id.* § 44-9-5.C ("the attorney general on behalf of the state"); § 44-9-5(D)(1) (same); §44-9-5(E) (same); § 44-9-6 (state may settle or dismiss the action over the objection of the qui tam plaintiff).

The State of New Mexico, acting through the Attorney General, specifically elected not to bring this action. [Doc. 1], Ex. L. Foy should not pretend otherwise.

26.4(a). Indeed, Foy himself concedes that "discovery matters are … stayed" (Mot. at 2). That Foy already had embarked upon discovery motions in state court before the case was removed is irrelevant. The state court was divested of jurisdiction over the case – including Foy's discovery motions – when the case was removed. *See Adolfson & Peterson, Inc. v. Saint Catherine Senior Living Center, LLC*, 2007 WL 1832089, *1 (D. Colo. Jun. 25, 2007); *Bruley v. Lincoln Property Company, N.C., Inc.*, 140 F.R.D. 452, 453 (D. Colo. 1991) ("Removal of a state action to federal court immediately divests the state court of jurisdiction.") (*citing* 28 U.S.C. § 1446); *Elephant Butte Irrigation District v. Regents of New Mexico State University*, 115 N.M. 229, 237, 849 P.2d 372, 380 (Ct. App. 1993) ("The majority view is that a state court is divested of jurisdiction in a civil case upon removal.").

Foy does not need "instructions from the Court on how to proceed with respect to" those previously-filed discovery motions. The Federal Rules of Civil Procedure and the Local Rules of this Court provide that guidance. After removal of an action to federal court, federal rules – and not state rules – apply. That is, the federal court "must apply the Federal Rules of Civil Procedure and treat the case as though it were originally commenced [in the federal forum]." *Adolfson,* 2007 WL 1832089, at *1; *see also Bruley* 140 F.R.D. at 453 (finding that a service of a state court summons is ineffective "[b]ecause a plaintiff must comply with the federal rules after removal of an action from state court"). Foy's professed "confusion" and "request for guidance" is just an excuse to try to put this case on an artificially fast discovery track.

There is no need for an expedited discovery schedule. This is a commercial dispute for money damages. While the Court has the discretion to expedite discovery upon a showing of "good cause," *Metal Bldg Components, L.P. v. Caperton*, CIV-04-0256 MV/DJS, 2004 U.S. Dist. LEXIS 28854, (D.N.M. Apr. 2, 2004), Foy bears the burden of demonstrating that there is

good cause to depart from the usual discovery procedures, including the requirement of holding the Rule 26(f) conference first. *Qwest Comm'cs Int'l, Inc. v. WorldQuest*, 213 F.R.D. 418, 418 (D. Colo. 2003). To make such a showing, he must show that his "need for expedited discovery outweighs the possible prejudice or hardship to the defendant." *Metal Bldg Components,* 2004 U.S. Dist. LEXIS 28854, at *10.

Foy has not come close to making the required showing. Indeed, he made no showing at all. Rather, his motion is expressly predicated on the notion that he will only explain the need for expedited discovery in a *subsequent* filing in response to the Vanderbilt defendants' separate motion for an extension of time in which to respond to the complaint (Mot. at 2). This, of course, violates the mandate of D.N.M.LR-Civ. 7.1(a) that his motion must "state with particularity the grounds" on which the expedited discovery schedule is sought.

Wholly apart from that most basic procedural failing, the motion also should be denied on the merits. Foy's promised subsequent filing on the other motion [Doc. 25] said nothing to justify the special fast-track discovery that he seeks. Instead, it just quoted the relevant removal statute to the effect that the *trial* of a removed case should not be unduly delayed. But this case is nowhere near ready for trial, and compliance with the normal discovery rules and the orderly process set out in the Federal Rules of Civil Procedure could not possibly amount to "undue" delay in any event.

What is more, this action seeks money damages only, and there is no claim of any imminent irreparable harm. Every plaintiff would like his case to move quickly, but nothing about the particular facts of this case warrants a departure from the normal and orderly process set out in the governing procedural rules. *See Entertainment Tech. Corp. v. Walt Disney Imagineering*, 2003 WL 22519440, at *3 (E.D. Pa. Oct. 2, 2003) (denying plaintiff's request for

expedited discovery as unreasonable in part because no preliminary injunction hearing was pending, and thus the request lacked urgency, and the plaintiff could not demonstrate any other necessity for expediting discovery).

Furthermore, Foy chose to sue 38 defendants, many of them from out of state, and not surprisingly, many of them have indicated their intention to challenge the assertion of personal jurisdiction. In addition, the defendants have substantial challenges to the viability of the entire complaint. Some already have filed motions to dismiss and others are in the process of preparing theirs. Those motions will in all likelihood either dispose of this case in its entirety or at least substantially narrow the claims and the list of defendants. If the complaint is simply dismissed (as we believe it will be), then there will be no need for *any* discovery – expedited or otherwise.

Even if some portion of the case survives, many of the defendants will likely be dismissed from the case, meaning that any discovery sought from them will have to be more narrowly tailored and less burdensome non-party discovery, and such discovery will have to be sought in the districts where those defendants reside.

Under these circumstances, far from expediting discovery, it would be preferable to stay discovery until the threshold motions are resolved so that discovery can be suitably tailored to whatever (if anything) even remains of the case. *See Guarneros v. Deutsche Bank Trust Co. Americas*, 2009 WL 151511, at *1 (D. Colo. Jan. 21, 2009) (finding that "subjecting a party to discovery when a motion to dismiss for lack of jurisdiction is pending may subject him to undue burden and expense, particularly if the motion to dismiss is later granted"); *Rupp v. Transcontinental Ins. Co.,* 2008 WL 3193069, at *1 (D. Utah Aug. 6, 2008) (holding that "potentially dispositive" motions "should be resolved prior to the commencement of discovery"). *See also Chavous v. D.C. Fin. Responsibility & Mgmnt. Assistance Auth.*, 201 F.R.D. 1, 2

(D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)).

Even if discovery is not stayed, on this record, there certainly is no reason to rush the discovery and put this case on anything other than the normal track for a commercial dispute. *Rupp*, 2008 WL 3193069, at *1 (denying plaintiff's motion for a scheduling conference and staying discovery because "[w]ithout an alleged need [for the discovery at issue], the court has determined that engaging in discovery while Defendants' potentially dispositive motions are pending would be premature").

WHEREFORE, Defendants Vanderbilt Capital Advisors, LLC, Vanderbilt Financial, LLC, Vanderbilt Financial Trust (now merged into Vanderbilt Financial, LLC), Osbert M. Hood, Ron D. Kessinger, Robert P. Nault, James. R. Stern, Stephen C. Bernhardt; Kurt W. Florian, Jr., Anthony J. Koenig, Jr., Mark E. Bradley and Pioneer Investment Management USA Inc. oppose the plaintiffs' motion to set an expedited discovery schedule.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By  */s/ Andrew G. Schultz*  .
    Andrew G. Schultz
    Post Office Box 1888
    Albuquerque, New Mexico  87103-1888
    Telephone:  (505) 765-5900
    Facsimile:   (505) 768-7395
    aschultz@rodey.com

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

By  /s/ Peter L. Simmons                          .
    Peter L. Simmons
One New York Plaza
New York, NY  10004-1980
Telephone:  (212) 859-8000
Facsimile:   (212) 859-4000
Peter.Simmons@friedfrank.com

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

By  /s/ John T. Boese                          .
    John T. Boese
    Douglas W. Baruch
1001 Pennsylvania Ave., NW – Suite 800
Washington, DC  20004
Telephone:  (202) 639-7000
Facsimile:   (202) 639-7008
John.Boese@friedfrank.com
Douglas.Baruch@friedfrank.com

*Attorneys for Defendants Vanderbilt Capital Advisors, LLC, Vanderbilt Financial, LLC, Vanderbilt Financial Trust, Osbert M. Hood, Ron D. Kessinger, Robert P. Nault, James. R. Stern, Stephen C. Bernhardt; Kurt W. Florian, Jr., Anthony J. Koenig, Jr., Mark E. Bradley and Pioneer Investment Management USA. Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 10, 2009 the foregoing *Vanderbilt Defendants' Opposition to Plaintiffs' Motion for Expedited Discovery Schedule* was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Victor R. Marshall
victor@vrmarshall.com

David K. Thomson and Nan E. Erdman
dthomson@nmag.gov
nerdman@nmag.gov

Peter L. Simmons, Samuel P. Groner, John T. Boese and Douglas W. Baruch
Peter.Simmons@friedfrank.com
Samuel.Groner@friedfrank.com
John.Boese@friedfrank.com
Douglas.Baruch@friedfrank.com

William C. Madison
wcm@madisonlaw.com

Mark F. Sheridan
msheridan@hollandhart.com

Spencer Reid and David W. Peterson
SR@Keleher-Law.com
DWP@Keleher-Law.com

Walter J. Melendres and Stephen S. Hamilton
wmelendres@montand.com
shamilton@montand.com

Mel Yost and Christopher Grimmer
mey@santafelawyers.com
cmg@santafelawyers.com

Charles R. Peifer and Lauren Keefe
cpeifer@peiferlaw.com
lkeefe@peiferlaw.com

Paul Fish
pfish@modrall.com

Thomas M. Hnasko
thnasko@hinklelawfirm.com

Martin R. Esquivel and Bryan C. Garcia
mesquivel@narvaezlawfirm.com
bgarcia@narvaezlawfirm.com

Sam Bregman and Eric Loman
sam@bregmanlawfirm.com
eric@bregmanlawfirm.com

Faith Kalman Reyes
freyes@simmonsfirm.com

Douglas A. Baker
dbaker@atb-law.com

Michael W. Brennan
mwbrennan@qwestoffice.net

Peter Silverman
Joseph Donado
psilverman@fslegal.com
jdonado@fslegal.com

Stephen M. Simone
ssimone@srw-law.com

David F. Cunningham
dfc@catchlaw.com


RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By  /s/ Andrew G. Schultz                          .
        Andrew G. Schultz