IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.* FRANK C. FOY
AND SUZANNE B. FOY,

    *Qui tam* Plaintiffs,

vs.                                                            No. CV-09-178 RB/DJS

VANDERBILT CAPITAL ADVISORS, LLC, *et al.*,

    Defendants.

## MOTION TO DISMISS CLAIMS AGAINST VANDERBILT-RELATED INDIVIDUAL DEFEDNANTS FOR LACK OF PERSONAL JURISDICTION AND MEMORANDUM IN SUPPORT

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants Osbert M. Hood, Ron D. Kessinger, Robert P. Nault, James R. Stern, Stephen C. Bernhardt, Kurt W. Florian, Jr., Anthony J. Koenig, Jr., Mark E. Bradley and Patrick A. Livney (together, the "Vanderbilt-related individual defendants") respectfully move to dismiss all claims against them because this Court lacks personal jurisdiction over them.

### BACKGROUND

In their complaint, *qui tam* plaintiff Frank Foy and his wife seek over $365 million in damages on behalf of the State of New Mexico arising out of an investment made by the New Mexico State Investment Council ("SIC") and the New Mexico Educational Retirement Board ("ERB") in defendant Vanderbilt Financial Trust (now dissolved and succeeded by defendant Vanderbilt Financial, LLC) ("VF"). The complaint purports to assert claims against 38 defendants for violations of the of the New Mexico Fraud Against Taxpayers Act, NMSA 1978, §§ 44-9-1 through -14 ("FATA"), and the Unfair Practices Act, NMSA 1978, §§ 57-12-1 through -16 ("UPA"). Many defendants, including the Vanderbilt-related individual defendants,

have separately moved to dismiss the claims for lack of subject matter jurisdiction, failure to state a claim and failure to plead fraud with particularity. But wholly apart from whether the complaint can survive those substantive challenges, it also must be dismissed as to the Vanderbilt-related individual defendants because the Court lacks personal jurisdiction over them.

All but one of the Vanderbilt-related individual defendants is mentioned by name only once in the entire complaint – in the identification of "Parties." The totality of the allegations as to each of these defendants is as follows:

> 17.    *Osbert Hood is a director of Vanderbilt Financial, and the President and Chief Executive Officer of and a director of Pioneer Investment Management USA; and a director of Pioneer Global Asset Management S.P.A. (the Italian parent company of Pioneer).*
>
> 18.    *Stephen C. Bernhardt is Chief Investment Officer of Vanderbilt Financial and Senior Portfolio Manager of the Structured Finance Group of Vanderbilt Capital.*
>
> 19.    *Ron D. Kessinger, Robert P. Nault and James R. Stern are independent directors of Vanderbilt Financial.*
>
> 20.    *Kurt W. Florian is the Chief Operating Officer and Counsel of Vanderbilt Financial, and the Chief Operating Officer and Counsel of the Structured Finance Group of Vanderbilt Capital.*
>
> 21.    *Anthony Koenig is the Interim Chief Financial Officer of Vanderbilt Financial.*
>
> 22.    *Mark E. Bradley is the Interim Chief Accounting Officer of Vanderbilt Financial.*

(Compl. ¶¶ 17-22). As to defendant Patrick Livney, the complaint offers little more:

> 16.    *Partick A. Livney is the Chief Executive Officer and a director of Vanderbilt Financial, and Senior Managing Partner of the Structured Finance Group of Vanderbilt Capital.*
>
> 69.    *In early 2006 Patrick Livney of Vanderbilt began to call Frank Foy, and Bruce Malott began to pressure Mr. Foy and the ERB staff to buy CDO products from Vanderbilt….*
>
> 74.    *In April 2007, Mr. Foy reviewed the federal campaign contribution report filed by the Richardson for President campaign. The*

> *report showed a contribution of $2,300, the maximum allowed by law, from Patrick A. Livney, 365 Elder Lane, Winnetka, IL 60093, and February 15, 2007. It also showed a contribution of $2,300 on the same day from Stephanie R. Livney, at the same address….*

(*Id*. ¶¶ 16, 69, 74).

The complaint never specifies these individuals' contacts with New Mexico, their roles in the alleged fraud or misrepresentations or anything else that would form a basis for establishing personal jurisdiction over them, let alone liability. Indeed, it appears that these individuals were named – along with several other defendants – merely because they are identified as VF executives in the offering memorandum for the securities at issue in this case.

The Complaint also asserts, without any specificity and without distinguishing among the 38 named defendants and 50 John Doe defendants, that: "All of the defendants have transacted or presently transact and conduct business within New Mexico. All of the defendants have committed wrongful and tortious acts within New Mexico." (*Id*. ¶ 43). Other than this general, generic allegation, Foy asserts no other facts to link any of the Vanderbilt-related individual defendants to New Mexico.

By contrast, each of the Vanderbilt-related individual defendants has submitted a declaration in connection with this motion attesting to his lack of contact with New Mexico. Specifically:

**Osbert M. Hood** currently is a resident of New York. (Declaration of Osbert Hood, attached as Ex. A, ¶ 2). At the time when the SIC and ERB invested in VF, Hood was a resident of Massachusetts. (*Id*). He has no property in New Mexico nor has he had any personal contacts with New Mexico. (*Id*. ¶¶ 3-5, 7). He has never traveled to New Mexico. (*Id*. ¶ 6). In 2006, when SIC and ERB invested in VF, Hood was the President and Chief Executive Officer of Pioneer Investment Management USA Inc. ("Pioneer"), the parent company of defendant

Vanderbilt Capital Advisors, LLC ("VCA"), and was a director of VF.  He never spoke or met with any representatives of SIC or ERB.  (*Id.* ¶ 8).

**Ron D. Kessinger** is a resident of North Carolina.  (Declaration of Ron Kessinger, attached as Ex. B, ¶ 2).  Kessinger has no property in New Mexico nor has he had any personal or business contacts with New Mexico.  (*Id*. ¶¶ 3-5, 7).  He has never traveled to New Mexico.  (*Id*. ¶ 6).  Kessinger served as an independent director of VF, but had no personal contact with any representative of SIC or ERB.  (*Id.* ¶ 8).

**Robert Nault** is a resident of Massachusetts.  (Declaration of Robert Nault, attached as Ex. C, ¶ 2).  He too has no property in New Mexico, nor has he had any personal or business contacts with New Mexico, nor ever been physically present in the state.  (*Id.* ¶¶ 3-8).  Like Kessinger, Nault served as an independent director of VF, but had no personal contact with any representative of SIC or ERB.  (*Id*. ¶ 9).

**James R. Stern**'s situation is identical to Kessinger and Nault's.  Stern is a resident of Illinois.  (Declaration of James Stern, attached as Ex. D, ¶ 2).  Mr. Stern has no property in New Mexico, nor has he had any personal or business contacts with New Mexico.  (*Id*. ¶¶ 3-5, 8).  He has never traveled to New Mexico.  (*Id*. ¶¶ 6-7).  Stern served as an independent director of VF, but had no personal contact with any representative of SIC or ERB.  (*Id*. ¶ 9).

**Mark E. Bradley** is a Massachusetts resident.  (Declaration of Mark Bradley, attached as Ex. E, ¶ 2).  He is Treasurer of Pioneer Mutual Funds, based in Boston, and served for a short while as VF's Interim Accounting Officer.  (*Id*. ¶ 8).  Bradley has no property in New Mexico nor any personal or business contacts with New Mexico.  (*Id*. ¶¶ 3-5, 7).  He has never traveled to New Mexico, and had no contact with any representative of SIC or ERB.  (*Id*. ¶¶ 6, 8).

**Anthony J. Koenig, Jr.** is a Massachusetts resident. (Declaration of Anthony Koenig, attached as Ex. F, ¶ 2). Koenig is currently the Senior Administrative Officer for U.S. Investments at Pioneer, and was previously Pioneer's Chief Financial Officer. He also served for a short while as VF's Interim Chief Financial Officer. (*Id*. ¶ 7). Koenig owns no property in New Mexico; nor has he had any personal contacts in the state nor traveled to the state for personal reasons. (*Id*. ¶¶ 3-6). The only trip he made to the state for business reasons, on behalf of VCA, was an isolated visit in October 2007, more than a year after SIC and ERB invested in VF. At that time, Koenig attended a meeting in New Mexico with SIC and ERB representatives when VCA reviewed with them the status and performance of their CDO investments. Koenig's presence at that meeting was solely in his capacity as a corporate representative. (*Id*. ¶ 8). In addition, he participated in one subsequent call, in late November 2007, to inform SIC and/or ERB that Patrick Livney no longer worked at VCA. (*Id*.)

**Stephen C. Bernhardt** is an Illinois resident. (Declaration of Stephen Bernhardt, attached as Ex. G, ¶ 2). Bernhardt owns no property in New Mexico; nor has he had any personal contacts in New Mexico. (*Id*. ¶¶ 3-6). He is a Senior Portfolio Manager at VCA and Senior Vice President and Head of Investor Relations of VF. (*Id*. ¶ 7). Bernhardt has had in-person, telephonic and email contacts with both SIC and ERB, but only on behalf of his employers, VCA and VF. (*Id*. ¶ 8).

**Kurt W. Florian, Jr.** is an Illinois resident. (Declaration of Kurt Florian, attached as Ex. H, ¶ 2). Like his colleagues, Florian has no property in New Mexico nor has he had any personal contacts with New Mexico. (*Id*. ¶¶ 3-5, 7). Florian has not traveled to New Mexico for personal reasons except for a family vacation in the state in 1991, 15 years before SIC and ERB invested in VF. (*Id*. ¶ 6). Florian serves as the Chief Operating Officer and Counsel of both VCA and

VF. (*Id.* ¶ 8.) Like Bernhardt, Florian has had in-person, telephonic and email contacts with SIC and ERB, but only on behalf of his employers, VCA and VF. (*Id.* ¶ 9).

**Patrick A. Livney** is an Illinois resident. (Declaration of Patrick Livney, attached as Ex. I, ¶ 2). Livney was, at the time of the events giving rise to the case, the head of the Structured Finance Group of VCA and the Chief Executive Officer and a director of VF. (*Id.* ¶ 7). Livney owns no property in New Mexico nor has he had any personal contacts with New Mexico. (*Id.* ¶¶ 3-6). He has never traveled to the state for personal reasons. *Id.* ¶ 6. He did have in-person, telephonic and email contacts with SIC and ERB, but only on behalf of his then-employers, VCA and VF. (*Id.* ¶ 8).

## ARGUMENT

**I.    NONE OF THE DEFENDANTS IS SUBJECT TO PERSONAL JURISDICTION IN NEW MEXICO**

It is Foy's burden to establish the basis for asserting personal jurisdiction over the non-resident Vanderbilt-related individual defendants, and on this record, he cannot do so. *Bell Helicopter Textron, Inc. v. Helliqwest Intern. Ltd.,* 385 F.3d 1291 (10th Cir. 2004); *Rogers v. 5-Star Mgmt., Inc.*, 946 F. Supp. 907, 910 (D.N.M. 1996); *Smith v. Halliburton Co.*, 118 N.M. 179, 185 (Ct. App. 1994) ("Plaintiffs bear the burden of establishing the basis of personal jurisdiction on which they rely."). The complaint contains no salient jurisdictional facts, and the individual defendants' declarations negate any claimed basis for jurisdiction.

**A.    Legal Standard**

New Mexico's long-arm statute provides for personal jurisdiction over a defendant who:

> does any of the acts enumerated in this subsection [and] thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:
>
> (1) the transaction of any business within this state; . . .

6

>   (3)   the commission of a tortious act within this state.

NMSA 1978, § 38-1-16. The jurisdiction of New Mexico courts under the statute reaches "as far as constitutionally permissible." *Tercero v. Roman Catholic Diocese of Norwich*, 2002-NMSC-018, ¶ 6, 132 N.M. 312, 48 P.3d 50.

Personal jurisdiction under New Mexico's long-arm statute is determined by a three part test (*id.*):

>   (1)   did [the defendant] commit an act or omission specifically set forth in the long-arm statute;
>
>   (2)   does [Plaintiff's] cause of action arise out of the alleged facts or omissions; and
>
>   (3)   has [Plaintiff] established sufficient minimum contacts with New Mexico to satisfy due process concerns?

New Mexico merges the first and third elements of this test; whether each defendant has "transacted business or committed a tortious act within New Mexico merges with the inquiry regarding whether such activities constitute minimum contacts sufficient to satisfy due process concerns." *Id.*; *Tarango v. Pastrana*, 94 N.M. 727, 728, 616 P.2d 440, 441 (Ct. App. 1980) ("The question of personal jurisdiction over out-of-state residents involves more than a technical 'transaction of any business' or the technical 'commission of a tortious act' within New Mexico. The meaning of those terms, in our statute, is to be equated with the minimum contacts sufficient to satisfy due process.")

Therefore, satisfying the first and third elements of this test here requires Foy to establish that each defendant has sufficient minimum contacts with New Mexico by "act[ing] in [New Mexico] in such a manner that they 'should reasonably anticipate being haled into court there.'" *Tercero*, , 2002-NMSC-018, ¶ 7 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). In other words, Foy must establish each defendant's minimum contacts

through "some act by which the defendant purposefully avails itself of the privilege of conducting activities within [New Mexico], thus invoking the benefits and protections of its laws." *FDIC v. Hiatt*, 117 N.M. 461, 464, 872 P.2d 879, 882 (1994). Random, fortuitous, or attenuated contacts are insufficient to fulfill the requirement. *Zavala v. El Paso County Hosp. Dist.*, 2007-NMCA-149, ¶ 11, 143 N.M. 36, 172 P.3d 173 (citing *Sanchez v. Church of Scientology of Orange County*, 115 N.M. 660, 664, 857 P.2d 771, 775 (1993)).

Minimum contacts may give rise to either **general** or **specific** personal jurisdiction. "General jurisdiction lies when the defendant's contacts with the forum state are so 'continuous and systematic' that the state may exercise personal jurisdiction over the defendant, even if the suit is unrelated to the defendant's contacts with the state." *Smith v. Cutler*, 504 F. Supp. 2d 1162, 1166 (D.N.M. 2007). If continuous and systematic contacts do not exist, but the defendant nonetheless "purposefully established contact" with New Mexico, specific personal jurisdiction will exist only if the cause of action arose out of the contacts with New Mexico. *Zavala*, 2007-NMCA-149, ¶ 12. In other words, specific jurisdiction requires that plaintiff also satisfy the second prong of the New Mexico test, "that Plaintiff's cause of action arise from [Defendant's] minimum contacts … [or] lie 'in the wake' of such activities." *Alto Eldorado P'ship v. Amrep Corp.*, 2005-NMCA-131, ¶ 36, 138 N.M. 607, 124 P.3d 585 (quoting *State Farm Mut. Ins. Co. v. Conyers*, 109 N.M. 243, 245, 784 P.2d 986, 988 (1989)). "There must be a close relationship between the claimed transaction of business in New Mexico and the cause of action." *Visarraga v. Gates Rubber Co.*, 104 N.M. 143, 146-47, 717 P.2d 596, 599-600 (Ct. App. 1986).

Furthermore, both general and specific personal jurisdiction require a showing that the exercise of jurisdiction would not "offend traditional notions of fair play and substantial justice." *Zavala*, 2007-NMCA-149, ¶ 30 (quoting *Alto Eldorado*, 2005-NMCA-131, ¶ 31). "The weaker

Plaintiff's showing on [purposeful availment], the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Zavala*, 2007-NMCA-149, ¶ 30 (quoting *Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994)).

### B. There Is No Basis For General Jurisdiction Over Any of The Moving Defendants

The facts here demonstrate that none of the moving defendants has sufficient contacts of either a business or personal nature to be subject to general jurisdiction in New Mexico.

#### 1. No Personal Contacts

Foy does not allege any facts that even begin to claim that any of the Vanderbilt-related individual defendants has sufficiently broad and continuous **personal contacts** with New Mexico to be subject to general jurisdiction in the state. What is more, these defendants' very specific declarations establish that they have *no* systematic personal contacts with the state.

There is simply no showing that any of the defendants had the continuous and systematic personal contacts to New Mexico necessary for general personal jurisdiction, nor that any defendant purposefully availed himself of New Mexico law, as required for specific personal jurisdiction.

#### 2. Insufficient Business Contacts

The Vanderbilt-related individual defendants also do not have sufficiently broad **business contacts** with the state to be subject to general jurisdiction here. The Complaint is silent as to the alleged conduct of specific defendants – merely identifying them as "parties" and stating their business titles. While Foy has made a general allegation that "[a]ll of the defendants have transacted or presently transact and conduct business within New Mexico" (Compl. ¶ 43), that is a naked conclusion, and he does not allege a single fact with respect to any of the Vanderbilt-related individual defendants to back it up. *See Wenz v. Memery Crystal*, 55 F.3d 1503 (10th Cir.

1995). The individuals' declarations all establish that Foy's sweeping assertion is simply untrue as applied to them.[1] On this record, there is no basis to conclude that any of the Vanderbilt-related individual defendants had the continuous and systematic business contacts with New Mexico necessary for general personal jurisdiction.

To the extent that Foy assumes that personal jurisdiction over the individuals can be derived from jurisdiction over their corporate employers, he is wrong. In fact, the law holds just the opposite. The Tenth Circuit has made clear that "jurisdiction over the representatives of a corporation may not be predicated on jurisdiction over the corporation itself, and jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state." *Ten Mile Indus. Park v. W. Plains Serv. Co.*, 810 F.2d 1518, 1527 (10th Cir. 1987). "Jurisdiction over the individual officers of a corporation . . . may not be obtained merely by accomplishing jurisdiction over the corporation." *Wegerer v. First Commodity Corp. of Boston*, 744 F.2d 719, 727 (10th Cir. 1984). *See also Clark v. Meijer Inc.*, 375 F. Supp. 2d 1077, 1085 n.1 (D.N.M. 2004) (personal jurisdiction not established as to defendant corporation's officers and directors absent evidence that they had additional contacts with New Mexico beyond those of the corporation).

Accordingly, even assuming the existence of sufficient contacts between New Mexico and defendants VF, VCA and/or Pioneer to render those entities subject to either general or specific personal jurisdiction in New Mexico (and those entities are not challenging the exercise of jurisdiction), such jurisdiction does not transfer to their employees, officers or directors.

---

[1] Nor can Foy take refuge in any general conspiracy allegations to establish jurisdiction. (*e.g.,* Compl. ¶¶ 5, 6, 49) To the contrary, in the face of a jurisdictional challenge supported by sworn testimony, a plaintiff cannot rely on conclusory assertions of conspiracy to satisfy his jurisdictional burden. *Sanchez*, 115 N.M. at 663, 857 P.2d at 774; *American Land Program, Inc. v. Bonaventura Uitgevers Maatschappij*, 710 F.2d 1449, 1454 (10th Cir. 1983).

C. **There Is No Basis For Specific Jurisdiction**

While the complaint contains a sweeping assertion that "[a]ll of the defendants have committed wrongful and tortuous acts within New Mexico" (Compl. ¶ 43), it is devoid of any factual support specifically identifying any wrongful or tortious act committed by any of the Vanderbilt-related individual defendants – much less such an act committed within New Mexico.

Defendants Hood, Stern, Kessinger, Nault, and Bradley all deny in their declarations having ever spoken with any SIC or ERB representatives. Foy says nothing to the contrary. Thus, there is simply no factual support for the exercise of jurisdiction over these defendants stemming specifically from the investments at issue.

Anthony Koenig likewise is not alleged to have dealt with SIC or ERB, and denies having done so prior to the time they made their investment in VF. Koenig was present at one meeting in New Mexico with SIC and ERB representatives in October 2007 – a year and a half *after* the mid-2006 events giving rise to this lawsuit (Koenig Decl. ¶ 8) – but that does not satisfy the jurisdictional test. On the contrary, to support specific jurisdiction, the cause of action must arise from or lie 'in the wake' of the visit. *Caba Ltd. Liab. Co. v. Mustang Software, Inc.*, 1999-NMCA-089, ¶ 28, 127 N.M. 556, 984 P.2d 803 (plaintiff's cause of action must "arise from the *same* transaction of business by which the nonresident-defendant submitted to" jurisdiction). Here, Koenig's contact with New Mexico occurred long after the alleged fraud had taken place and the SIC and ERB investments had been made. This meeting is not referenced in Foy's complaint and is not the basis for his claim. As such, this contact cannot possibly be the basis for the cause of action and cannot serve as the predicate for personal jurisdiction over Koenig.

Livney, Bernhardt and Florian all acknowledge having dealt with both SIC and ERB in connection with their VF investment. But to the extent Foy seeks to predicate the exercise of

specific jurisdiction on those contacts, those individuals are protected by the fiduciary shield doctrine, as discussed below.

## II. THE FIDUCIARY SHIELD DOCTRINE BARS PERSONAL JURISDICTION BASED ON DEFENDANTS' CORPORATE CONTACTS WITH THE STATE

Recognizing that corporate employees are often directed to travel to other states on company business and should not be subject to being sued personally everywhere they happen to touch down, the Tenth Circuit has held that the fiduciary shield doctrine shields directors, officers, and employees from personal jurisdiction "where the acts of individual principals of a corporation in the jurisdiction were carried out solely in the individuals' corporate or representative capacity." *Ten Mile Indus.*, 810 F.2d at 1527 (upholding dismissal for lack of personal jurisdiction over members of corporate executive committee). *Accord Rollins v. Ellwood*, 141 Ill. 2d 244, 270 (Ill. 1990) (establishing fiduciary shield doctrine which "limit[s] the jurisdictional power of the Illinois courts").[2]

The doctrine is an equitable one, rather than constitutionally required, *Santa Fe Technologies, Inc. v. Argus Networks, Inc.*, 2002-NMCA-030, 131 N.M. 772, 42 P.3d 1221, but as this Court has made clear, "it would offend traditional notions of fair play and substantial justice to ... require that [these individuals] defend lawsuits ... in their individual capacity based on acts performed not for their own benefit, but for the benefit of their employer." *Chaara v. Intel Corp.*, 2006 U.S. Dist. LEXIS 95383 at *19-20 (D.N.M. May 31, 2006) (quoting with approval *Saktides v. Cooper*, 742 F. Supp. 382, 387 (W.D. Tex. 1990)). "It is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer."

---

[2]   Illinois law is persuasive authority on the interpretation of New Mexico's long-arm statute, which was based on the Illinois statute. *Pelton v. Methodist Hosp.*, 989 F. Supp. 1392, 1393 (D.N.M. 1997); *Beh v. Ostergard*, 657 F. Supp. 173, 176 (D.N.M. 1987); *FDIC*, 117 N.M. at 465 n.4, 872 P.2d at 882 n.4.

*Cutler*, 504 F. Supp. 2d at 1169 (quoting *Marine Midland Bank v. Miller*, 664 F.2d 889, 902 (2d Cir. 1981)). *Accord Allen v. Toshiba Corp.*, 599 F. Supp. 381, 384 (D.N.M. 1984).

Nothing in the complaint even hints that any of the Vanderbilt-related individual defendants were acting in any capacity other than for the benefit of VCA and/or VF. The individuals have all submitted sworn declarations attesting that they were only acting in their corporate capacity. In cases like this one, where the defendants are corporate executives who lack minimum contacts with the state in their personal capacity, and are merely in the state on company business, courts routinely apply the fiduciary shield doctrine and dismiss the claims against the individual defendants for lack of personal jurisdiction. *See, e.g., Ten Mile Indus.*, 810 F.2d 1518 at 1527; *Allen*, 599 F. Supp. at 384 (D.N.M. 1984) (employee's motion to dismiss granted since "there are no allegations to tie [employee] to [New Mexico] in a personal capacity"); *McClelland v. Watling Ladder Co.*, 729 F. Supp. 1316, 1319-20 (W.D. Okla. 1990) (employee's motion to dismiss granted under fiduciary shield doctrine due to lack of personal contacts with forum); *Benda v. Per-Se Tech., Inc.*, 2004 U.S. Dist. LEXIS 11127 at *5-7 (N.D. Ill. Jun. 16, 2004) (corporate officials' motion to dismiss granted under fiduciary shield doctrine since all contacts were "business-related"); *Maxwell v. Vertical Networks, Inc.*, 2005 U.S. Dist. LEXIS 7619, at *44-45 (N.D. Ill. Mar. 18, 2005) (no personal jurisdiction over corporation's president and CEO since all contacts were made on behalf of the corporation and in his capacity as a corporate officer). The same result should apply here.

## CONCLUSION

For all of the foregoing reasons, Defendants Hood, Kessinger, Nault, Stern, Bernhardt, Florian, Koenig, Bradley and Livney request that the complaint against them be dismissed.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By  /s/ *Andrew G. Schultz*                            .
    Andrew G. Schultz
Post Office Box 1888
Albuquerque, New Mexico  87103-1888
Telephone:  (505) 765-5900
Facsimile:   (505) 768-7395
aschultz@rodey.com


FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

By  /s/ *Peter L. Simmons*                            .
    Peter L. Simmons
One New York Plaza
New York, NY  10004-1980
Telephone:  (212) 859-8000
Facsimile:   (212) 859-4000
Peter.Simmons@friedfrank.com

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

By   /s/ *John T. Boese*                            .
    John T. Boese
    Douglas W. Baruch
1001 Pennsylvania Ave., NW – Suite 800
Washington, DC  20004
Telephone:  (202) 639-7000
Facsimile:   (202) 639-7008
John.Boese@friedfrank.com
Douglas.Baruch@friedfrank.com

*Attorneys for Defendants Vanderbilt Capital Advisors, LLC, Vanderbilt Financial, LLC, Vanderbilt Financial Trust, Osbert M. Hood, Ron D. Kessinger, Robert P. Nault, James. R. Stern, Stephen C. Bernhardt; Kurt W. Florian, Jr., Anthony J. Koenig, Jr., Mark E. Bradley and Pioneer Investment Management USA. Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 11, 2009 the foregoing *Motion to Dismiss Claims Against Vanderbilt-Related Individual Defendants for Lack of Personal Jurisdiction and Memorandum In Support* was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Victor R. Marshall
victor@vrmarshall.com

David K. Thomson and Nan E. Erdman
dthomson@nmag.gov
nerdman@nmag.gov

Peter L. Simmons, Samuel P. Groner, John T. Boese and Douglas W. Baruch
Peter.Simmons@friedfrank.com
Samuel.Groner@friedfrank.com
John.Boese@friedfrank.com
Douglas.Baruch@friedfrank.com

William C. Madison
wcm@madisonlaw.com

Mark F. Sheridan
msheridan@hollandhart.com

Spencer Reid and David W. Peterson
SR@Keleher-Law.com
DWP@Keleher-Law.com

Walter J. Melendres and Stephen S. Hamilton
wmelendres@montand.com
shamilton@montand.com

Mel Yost and Christopher Grimmer
mey@santafelawyers.com
cmg@santafelawyers.com

Charles R. Peifer and Lauren Keefe
cpeifer@peiferlaw.com
lkeefe@peiferlaw.com

Paul Fish
pfish@modrall.com

Thomas M. Hnasko
thnasko@hinklelawfirm.com

Martin R. Esquivel and Bryan C. Garcia
mesquivel@narvaezlawfirm.com
bgarcia@narvaezlawfirm.com

Sam Bregman and Eric Loman
sam@bregmanlawfirm.com
eric@bregmanlawfirm.com

Faith Kalman Reyes
freyes@simmonsfirm.com

Douglas A. Baker
dbaker@atb-law.com

Michael W. Brennan
mwbrennan@qwestoffice.net

Peter Silverman
Joseph Donado
psilverman@fslegal.com
jdonado@fslegal.com

Stephen M. Simone
ssimone@srw-law.com

David F. Cunningham
dfc@catchlaw.com


RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By  /s/ *Andrew G. Schultz*                              .
        Andrew G. Schultz