**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**STATE OF NEW MEXICO,** *ex rel.* **FRANK C. FOY
AND SUZANNE B. FOY,**

    *Qui tam* **Plaintiffs,**

vs.                                                                                  No. CIV 09-0178 RB/MEH

**VANDERBILT CAPITAL ADVISORS, LLC, et al.,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Plaintiffs' Motion to Remand, filed March 16, 2009. The Court is also cognizant of its independent obligation to assure that it has jurisdiction over any matter. *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Having considered the submissions of the parties, relevant law, and being otherwise fully advised, the Court finds that it lacks subject matter jurisdiction. The Court, therefore, orders this matter remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

**I.      Procedural Background.**

On July 14, 2008, Frank C. Foy and Suzanne B. Foy, as *qui tam* plaintiffs, filed a civil Complaint under seal in the First Judicial District Court of New Mexico, seeking remedies at law and in equity for violations of the New Mexico Fraud Against Taxpayers Act, N.M. Stat. §§ 44-9-1, *et seq.*, and the New Mexico Unfair Trade Practices Act, §§ 57-12-1, *et seq.* On February 20, 2009, Defendant UBS Securities, LLC, Vanderbilt Capital Advisors, LLC, Vanderbilt Financial, LLC, Vanderbilt Financial Trust, Osbert M. Hood, Ron D. Kessinger, Robert P. Nault, James R. Stern, Stephen C. Bernhardt, Kurt W. Florian, Jr., Anthony J. Koenig, Jr., Mark E. Bradley, and Patrick A. Livney removed this suit to federal court, pursuant to 12 U.S.C. § 632. 12 U.S.C. § 632 provides

for federal jurisdiction over civil actions where: (1) one of the parties is a corporation organized under the laws of the United States, and (2) the suit arises out of transactions involving international or foreign banking or other international or foreign financial operations. 12 U.S.C. § 632. On March 1, 2009, Plaintiffs voluntarily dismissed all claims against Defendant JP Morgan Chase Bank, N.A., the only defendant in this lawsuit which is a corporation organized under the laws of the United States. On March 16, 2009, Plaintiffs moved to remand this case to state court.

## II. Legal Standard.

Federal courts are courts of limited jurisdiction. *U.S. ex rel. Fine v. Advanced Sciences, Inc.*, 99 F.3d 1000, 1004 (10th Cir. 1996). As such, federal jurisdiction is presumed not to exist absent proof by the party asserting jurisdiction. *U.S. ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 551 (10th Cir. 1992). If the claim upon which federal jurisdiction is predicated is wholly insubstantial, federal courts may lack subject matter jurisdiction over the suit. *See Bell v. Hood*, 327 U.S. 678, 682 (1946). Furthermore, the Court must "strictly construe statutes conferring jurisdiction, resolving any doubts against jurisdiction." *U.S. ex rel. Holmes v. Consumer Ins. Group*, 318 F.3d 1199, 1216 (10th Cir. 2003). Thus, a "scintilla of doubt" as to federal jurisdiction mandates remand. *Id.*

## III. Discussion.

12 U.S.C. § 632 provides:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, ... or out of other international or foreign financial operations, ... shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

12 U.S.C. § 632. Federal courts are divided on whether 12 U.S.C. § 632 should be interpreted as providing a broad basis for federal jurisdiction or whether the statute should be read more narrowly. *See Bank of New York v. Bank of America*, 861 F.Supp. 225, 232 (S.D.N.Y. 1994) (noting that courts have generally interpreted 12 U.S.C. § 632 narrowly); *Bank of America Corp. v. Lemgruber*, 385 F.Supp.2d 200, 214 (S.D.N.Y. 2005) (noting that courts have generally interpreted 12 U.S.C. § 632 broadly). The lack of Tenth Circuit precedent relating to 12 U.S.C. § 632 and the absence of an authoritative explication in the legislative history of the statute's jurisdictional component further complicate this matter. *See A.I. Trade Finance, Inc. v. Petra Intern. Banking Corp.*, 62 F.3d 1454, (D.C. Cir. 1995) (noting that the legislative history of 12 U.S.C. § 632 is of little help in divining its purpose). Thus, in interpreting 12 U.S.C. § 632, the Court proceeds carefully, looking primarily to the language of the statute and "giving the words used their ordinary meaning." *Moskal v. U.S.*, 498 U.S. 103, 108 (1990).

Courts that have analyzed the history of 12 U.S.C. § 632 have tended to infer legislative intent for the jurisdictional grant from the broader context surrounding the passage of the statute. 12 U.S.C. § 632 was incorporated into the Edge Act of 1919 by the Banking Act of 1933, commonly know as the Glass-Steagall Act, as part of the comprehensive overhaul of the national banking system enacted during the Great Depression. The overall objectives of the Edge and Glass-Steagall Acts were to establish and strengthen the national banking system and stimulate international trade by providing a uniform national regulatory apparatus. Steven M. Davidoff, *Section 632: An Expanded Basis of Federal Jurisdiction for National Banks*, 123 Banking L.J. 687, 689-90 (2006). Thus, the Court infers that 12 U.S.C. § 632 was intended to facilitate international trade by providing national corporations involved in international financial operations with access to a more uniform

and predictable system of dispute resolution within the federal courts. *See A.I. Trade Finance, Inc.*, 62 F.3d at 1462.

Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule–which provides that federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint–governs the presence or absence of federal question jurisdiction, including removal jurisdiction. *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10-11 (1983). The Edge Act is a unique statute in which the presence of a federal jurisdictional grant transforms what would otherwise be a state court action into a claim arising under the laws of the United States. *See* 12 U.S.C. § 632 (noting that the district courts of the United States have "original jurisdiction" over all suits meeting the requirements of the statute)*; see also Gully v. First Nat. Bank*, 299 U.S. 109, 112 (1936) (noting that a cause of action arises under the laws of the United States when a right or immunity at issue will be supported if the laws of the United States are given one construction or effect and defeated if they receive another). Consequently, the well-pleaded complaint rule applies to this suit. *See Sollitt v. KeyCorp*, 2009 WL 367494 at *2 (N.D. Ohio 2009); *Jana Master Fund, Ltd. v. JP Morgan Chase & Co.*, 490 F.Supp.2d 325, 329 (S.D.N.Y. 2007) (applying the well-pleaded complaint rule in assessing jurisdiction under 12 U.S.C. § 632). Thus, removal of this lawsuit to federal court is only jurisdictionally appropriate if it is clear from the face of Plaintiffs' Complaint (1) that a corporation organized under the laws of the United States is a party to this suit and (2) that the dispute arises out of a transaction or series of transactions involving international banking or other international financial operations. *See Caterpillar Inc.*, 482 U.S. at 392; 12 U.S.C. § 632.

The Court notes that it is irrelevant that Plaintiffs voluntarily dismissed all claims against JP Morgan Chase Bank, N.A., after this case was removed to federal court. *See Mollan v. Torrance*, 22 U.S. 537, 539 (1824) (noting that "the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events"); *see also Corporación Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 792-93 (2d Cir. 1980) (noting that the court retained jurisdiction, under 12 U.S.C. § 632, even after all claims against the federally chartered bank had been settled). Furthermore, contrary to Defendants' assertion, the New Mexico Fraud Against Tax Payers Act does not require the Court to approve the dismissal of any party. *See* N.M. Stat. § 44-9-5(A) (1978) (noting that written consent of the Court is only required to dismiss the entire action). 12 U.S.C. § 632 invokes a unique form of federal question jurisdiction. Consequently, if the Court has jurisdiction at the time of removal, the Court would retain jurisdiction over the entire suit. *See* 12 U.S.C. § 632 (noting that the statute grants federal jurisdiction over "all suits," and not all claims, that meet the statutory requirements); *see also* 28 U.S.C. § 1367(a) (noting that, in a civil action in which a district court has original jurisdiction, the district court also has supplemental jurisdiction over all other claims that form part of the same case or controversy).

The Court also notes that it is irrelevant that all Defendants did not join in the removal petition or that JP Morgan Chase Bank, N.A., the only national corporation in the suit, did not join in the removal petition. 12 U.S.C. § 632 specifically provides that "*any defendant* in any such suit may, at any time before trial thereof, remove such suits from a State court into the district court of the United States." 12 U.S.C. § 632 (emphasis added). Giving the phrase "any defendant" its "ordinary meaning," the Court finds that any single defendant, including a defendant that is not a national corporation, may unilaterally remove a suit meeting the jurisdictional requirements of 12

U.S.C. § 632. *Moskal*, 498 U.S. at 108. In so holding, the Court rejects the statutory interpretation set forth in *Ponce Federal Bank, FSB v. Instituto Medico del Norte, Inc.*, 643 F.Supp. 424 (D.P.R. 1986) and finds *Wenzoski v. Citicorp*, 480 F.Supp. 1056 (N.D.Cal. 1979) to be more appropriately grounded in the actual language of the statute. Furthermore, the general intent behind 12 U.S.C. § 632–to provide parties involved in international banking and financial operations access to federal court–would be frustrated if access to federal court was encumbered by a requirement that all defendants join in removal. *See A.I. Trade Finance, Inc.*, 62 F.3d at 1462.

Defendants based removal, pursuant to 12 U.S.C. § 632, on (1) the presence of JP Morgan Chase Bank, N.A., a federally chartered national bank organized under the laws of the United States, as a named Defendant, and (2) vague references in the Complaint to a financial transaction or series of transactions involving a number of foreign banks. However, this Court cannot find that it has jurisdiction, under 12 U.S.C. § 632, "merely because there was a federally chartered bank involved, there were banking-related activities, and there were foreign parties." *Larzard Freres & Co. v. First Nat'l Bank of Maryland*, 1991 WL 221087 at *1 (S.D.N.Y. 1991). In other words, the Court must dissect the allegations presented in the Complaint to determine whether the jurisdictional requirements of 12 U.S.C. § 632 are met.

The Complaint lists eighty-seven Defendants, thirty-eight of which have been named, as parties to this suit. At the time of removal, JP Morgan Chase Bank, N.A., was clearly listed as a named Defendant. Furthermore, the body of the Complaint unequivocally states that the party being sued is "JP Morgan Chase Bank, National Association." (Doc. 1-2). It is irrelevant that Plaintiffs are uncertain as to whether JP Morgan Chase Bank, N.A., is a national bank or bank holding company. For purposes of analyzing jurisdiction under 12 U.S.C. § 632, it only matters whether or not JP Morgan Chase Bank, N.A., actually is a national corporation. *See* 12 U.S.C. § 632. It is also

irrelevant that Plaintiffs claim to have really intended to sue the successor of Bear Stearns. For purposes of analyzing jurisdiction under 12 U.S.C. § 632, it only matters that Plaintiffs actually filed a suit against JP Morgan Chase Bank, N.A. *See Jana Master Fund, Ltd. v. JP Morgan Chase & Co.*, 490 F.Supp.2d 325, 326-27 (S.D.N.Y. 2007). Indeed, the legal requirement, for purposes of 12 U.S.C. § 632, is that a corporation organized under the laws of the United States is actually a party to the suit. *See Id.*

At the time of removal, JP Morgan Chase Bank, N.A., was the only Defendant that could fulfill the national corporation requirement of 12 U.S.C. § 632. As such, it is necessary for the Court to conduct a preliminary analysis of Plaintiffs' claims against JP Morgan Chase Bank, N.A., in order to determine whether there is a sufficient basis for the Court to exercise jurisdiction under 12 U.S.C. § 632. *See Bell v. Hood*, 327 U.S. 678, 682 (1946). As a general principle, jurisdiction is not defeated by the possibility that the allegations in the complaint fail to state a cause of action; however, a suit may be dismissed for want of jurisdiction where the claim forming the basis for federal jurisdiction is entirely without color of merit. *See Id.* "Jurisdiction, as distinguished from merits, is wanting only where the claim set forth in the complaint is so unsubstantial as to be frivolous, or, in other words, is plainly without color of merit. In that event, the claim of federal right under the statute is a mere pretense and, in effect, is no claim at all." *Binderup v. Pathe Exchange, Inc.*, 263 U.S. 291, 305-06 (1923) (internal citations omitted).

In isolating Plaintiffs' claims against JP Morgan Chase Bank, N.A., the Court necessarily must take into consideration the pleading standards articulated by the Supreme Court in *Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007), and the Tenth Circuit Court of Appeals' interpretative guidance in *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008). It is particularly noteworthy that, in circumstances in which multiple defendants are sued, the complaint must "make clear exactly *who*

is alleged to have done *what* to *whom* ... as distinguished from collective allegations." *Robbins*, 519 F.3d at 1250; *see also Twombly*, 127 S.Ct. at 1970-71 fn. 10. The Tenth Circuit has admonished all plaintiffs that, if a complaint uses "either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom," the Court will not speculate as to what acts a particular defendant is alleged to have committed. *Robbins*, 519 F.3d at 1250.

In this case, Plaintiffs' Complaint contains only one identifiable claim against JP Morgan Chase Bank, N.A., i.e., "[i]t provided banking and investment banking and other services and products." (Doc. 1-2). To allege that JP Morgan Chase Bank, N.A., provided banking and investment banking services is to accuse a bank of doing exactly what banks ought to do. Indeed, the federal government is currently spending billions of dollars to encourage institutions like JP Morgan Chase Bank, N.A., to provide banking and investment banking services. Plaintiffs' claim against JP Morgan Chase Bank, N.A., for providing banking and investment banking services, therefore, not only fails to state a claim upon which relief can be granted, but also is "so unsubstantial as to be frivolous, or, in other words, is plainly without color of merit." *Binderup*, 263 U.S. at 306. Thus, the Court concludes that Plaintiffs' claim against JP Morgan Chase Bank, N.A., as set forth in the Complaint, is, in effect, no claim at all. *See Id.* Consequently, the Court lacks subject matter jurisdiction over this suit.

Because the Complaint is exceptionally vague, the Court is uncertain whether this lawsuit arises out of transactions involving international banking or other international financial operations. *See* 12 U.S.C. § 632. The Complaint does contain several vague statements regarding the activities of foreign banks, and Plaintiffs' claims arise out of the sale of securities to the State of New Mexico. However, the role of the foreign banks in these transactions with the State of New Mexico is

unclear. Furthermore, the Court must decline Defendants' invitation to look outside the four corners of the Complaint to ascertain the origin of the securities in question. *See Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (noting that the basis of federal jurisdiction must appear on the face of the complaint). The sale of securities within the United States by a foreign entity theoretically could, but does not necessarily constitute international banking or an international financial operation. *See Corporación Venezolana de Fomento*, 629 F.2d 786, 792 (2d Cir. 1980) (finding that a Swiss corporation's sale of notes to American and Canadian banks, transacted in the United States, would not confer jurisdiction under 12 U.S.C. § 632); *But cf. In re Lloyd's American Trust Fund Litigation*, 928 F.Supp. 333, 338 (S.D.N.Y. 1996) (noting that "[a] suit satisfies the jurisdictional requisites of Section 632 if *any part* of it arises out of transactions involving international or foreign banking") (emphasis added). The Court, therefore, is uncertain whether this lawsuit arises out of banking or financial operations that are sufficiently international to meet the requirements of 12 U.S.C. § 632. *See Pinto v. Bank One Corp.*, 2003 WL 21297300 at *3 (S.D.N.Y. 2003).

Federal jurisdiction, pursuant to 12 U.S.C. § 632, must be evident on the face of the complaint. *See Sollitt*, 2009 WL 367494 at *2; *Jana Master Fund, Ltd.*, 490 F.Supp.2d at 329 (applying the well-pleaded complaint rule in assessing jurisdiction under 12 U.S.C. § 632). Furthermore, because federal jurisdiction is presumed not to exist, the Court must resolve any doubts regarding jurisdiction in favor of remand. *U.S. ex rel. Holmes*, 318 F.3d at 1216; *U.S. ex rel. Fine*, 99 F.3d at 1004. The Court has more than a "scintilla of doubt" as to whether the transactions out of which this lawsuit arises are sufficiently international to meet the requirements of 12 U.S.C. § 632. *See U.S. ex rel. Holmes*, 318 F.3d at 1216. The presumption against federal jurisdiction, therefore, defeats Defendants' assertion of jurisdiction under 12 U.S.C. § 632. *See U.S. ex rel.*

*Precision Co.*, 971 F.2d at 551; *U.S. ex rel. Holmes*, 318 F.3d at 1216.

**IV.     Conclusion.**

The Court lacks subject matter jurisdiction.

**WHEREFORE,**

**IT IS ORDERED** that this matter is remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**